## HOME INS. CO., NEW YORK v. BARBEE.

### No. 11437.

Court of Civil Appeals of Texas. Galveston.
Oct. 22, 1942.

Chilton Bryan, of Houston (Bryan & Bryan, of Houston, of counsel), for appellant.

Cline & Cline and H. A. Cline, all of Wharton, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order overruling a plea of privilege in an action brought by appellee, W. B. Barbee, in the district court of Wharton County, seeking

recovery of damages to a Hudson automobile under a Texas standard automobile policy of insurance issued by appellant, the Home Insurance Company, New York.

Appellant filed its plea of privilege to have the suit tried in Harris County, the residence of its alleged duly authorized "agent for service". It denied under oath that it maintained any other "agent for service under the laws of Texas, in Wharton County, Texas." In due time appellee filed his controverting affidavit, in which he adopted the allegations of his original petition and claimed venue in Wharton County under subdivision 27 of Article 1995, R.C.S. of 1925.

Upon a hearing of the allegations of appellant's plea of privilege and appellee's controverting affidavit, the trial court, at the conclusion of the evidence by both parties, instructed the jury to return a verdict in favor of appellee, and thereafter entered judgment overruling appellant's plea of privilege and adjudged venue of appellee's cause of action to be in Wharton County, Texas.

Appellant contends that appellee failed upon said hearing to sustain the burden of proof placed upon him in law to plead and prove a cause of action against it under his contract of insurance within subdivision 27 of said Article 1995, in that he had failed to comply with the terms and conditions of said policy of insurance, particularly that provision thereof with regard to the filing of a proof of loss.

The policy of insurance in question contains the following provisions: "No suit or action on this policy or for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless the Insured shall have fully complied with all the foregoing requirements, nor unless commenced within two (2) years and one (1) day next after a cause of action shall exist."

"Within ninety-one (91) days after loss or damage for which claim is made, unless such time is extended in writing by this Company, the Insured shall render a statement to this Company signed and sworn to by the Insured, stating the place, time and cause of such loss or damage, the interest of the Insured and of all others in the property, the sound value thereof and the amount of loss or damage thereto, all encumbrances thereon, and all other insurance, whether valid and/or collectible or not, covering such property; and all claims

for such loss or damage shall be forfeited by failure to furnish such sworn statements within the time provided; * * *"

Subdivision 27 of said Article 1995, reads: "Foreign corporations, private or public, join stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs, or either of them, reside."

Briefly stated, the parts of said subdivision 27 which are relied upon by appellee in the instant case to confer venue of his suit in Wharton County, omitting those parts which have no application here, read: "Foreign corporations, private or public, * * * doing business within this State may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative."

█ In order for appellee, who relied upon said subdivision 27 of the venue statute, to defeat defendant's plea of privilege, he must have both pled specifically and established by proof that, (1) appellant was a corporation and that it was doing business in Texas at the time the cause of action accrued; (2) that the cause of action, or a part thereof, accrued in Wharton County; and (3) that, at that time, appellant had an agency or representative in that county. These issues of fact must be proven in the usual way in which proof of the allegations of any other fact is required to be made by the party upon whom the burden of proof rests. Compton v. Elliott, 126 Tex. 232, 38 S.W. 2d 91.

The Commission of Appeals in the recent case of Victoria Bank & Trust Co. v. Monteith et al., 158 S.W.2d 63, 67, in discussing the phrase "county in which the cause of action, or a part thereof, arose", in its opinion said: "A cause of action does not accrue or arise unless there is a cause of action. To prove that a cause of action has arisen in his favor a plaintiff must prove that he in fact has a cause of action. It was necessary, there-

fore, for the respondents Allison and others, plaintiffs in district court, when invoking this exception in subdivision 23 in order to defeat the plea of privilege, both to plead specifically and to prove facts showing that a cause of action arose in their favor against the defendant."

The record in this appeal shows, we think, that the appellee herein has both pled and proven the facts necessary to establish the venue of his suit in Wharton County. He alleged that appellant was a foreign corporation and that it had an agency and representative in Wharton County. Appellant admitted in its plea of privilege and its affidavit attached thereto that it was a foreign corporation with an agent for service in Harris County, Texas.

Appellee alleged and proved that at all times material to this appeal he was the owner of the Hudson automobile in question, which he kept in Wharton County; that appellant, acting by and through its duly authorized agent, W. W. Armstrong, issued a policy of insurance insuring him for loss or damage to said automobile; that said automobile was damaged in Wharton County while said policy of insurance was in full force. He alleged that W. W. Armstrong was the duly authorized representative of appellant and that he resided in Wharton County and maintained an agency there for appellant, and that he was acting as such agent and representative at the time said policy of insurance was issued and at the time the damages thereto were sustained. It is undisputed that W. W. Armstrong, who resided in Wharton County, was appellant's representative. He testified that he was acting as agent for appellant on the date said policy was issued.

While the record does not reflect that appellee had, at the time of the trial, filed with appellant the sworn proof of loss required under the terms of said policy of insurance within 91 days after the alleged damage to said automobile, we think that this provision of said policy of insurance, as well as appellant's defense that W. W. Armstrong, who was alleged to have been its representative in Wharton County, was not such representative, were waived by appellant by its failure to specifically deny, under oath, that proof of loss had been given by appellee under the terms of said policy and that W. W. Armstrong was its representative in Wharton County.

Rule 86, Texas Rules of Civil Procedure, which prescribes the facts to be alleged by parties claiming the privilege to be sued in the county of their residence, specifically provides; " * * * such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea."

Subdivisions m and o of said Rule 93, Texas Rules of Civil Procedure, above referred to, provide:

"Certain Pleas To Be Verified. A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

*      *      *      *      *      *

"m. That notice and proof of loss or claim for damage has not been given, as alleged. Unless such plea is filed such notice and proof shall be presumed and no evidence to the contrary shall be admitted. A denial of such notice or such proof shall be made specifically and with particularity."

*      *      *      *      *      *

"o. Any other matter required by statute to be pled under oath."

Appellee alleged in his petition that appellant was an insurance corporation having an agent in Wharton County, Texas, to-wit, Mr. W. W. Armstrong, and in his controverting affidavit such fact is further pled as one of the grounds of venue in Wharton County, Texas. These allegations were not specifically denied under oath by appellant. Appellant's denial under oath that it maintained "any other agent for service under the law in Texas in Wharton, Wharton County, Texas", is not, we think, such a specific and particular denial under said Rule 93, under oath, as to raise the issue of his agency.

Under said Rules 86 and 93, Texas Rules of Civil Procedure, appellee was not required to offer any evidence that W. W. Armstrong was an agent in Wharton County, or that proofs of loss were seasonably furnished appellant, since such issues were not raised under oath in its plea of privilege.

It follows that the judgment of the trial court overruling appellant's plea of privilege must be affirmed.

Affirmed.