## SOUTHWESTERN GREYHOUND LINES, Inc. v. DAY.
### No. 2849.

Court of Civil Appeals of Texas.
Eastland.

March 23, 1951.

Thompson, Knight, Wright, Weisberg & Simmons, Dallas, for appellant.

Dickson & Sheridan, Sweetwater, Scarborough, Yates, Scharborough & Black, Abilene, for appellee.

COLLINGS, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee, Mrs. M. B. Day, a widow, brought suit in the District Court of Nolan County, Texas against the Greyhound Post House, Inc., and appellant, Southwestern Greyhound Lines, Inc. She sought to recover damages for personal injuries sustained by her as

the result of a fall while passing through a door from appellant's bus station to a cafe operated by the Greyhound Post House, Inc. in Fort Worth, Texas. The Southwestern Greyhound Lines, Inc. filed a plea of privilege to be sued in Tarrant County, Texas, and alleged that it was a foreign corporation, incorporated under the laws of the State of Delaware, with a permit to do business in Texas and that its general office and principal place of business in Texas was in Tarrant County; that at no time material to this suit was it a resident of Nolan County, Texas. Appellee duly filed a controverting plea in which it was urged that venue was properly laid in Nolan County under Subdivisions 23, 24 and 27, Article 1995, Vernon's Annotated Revised Civil Statues of Texas. Upon a hearing before the court without a jury, the plea of privilege was, on September 14, 1950, overruled. From such judgment and order this appeal is brought.

■ The one point presented in appellant's brief urges that the court erred in overruling its plea of privilege to be sued in Tarrant County because appellee failed to prove a prima facie cause of action against appellant. Appellant does not contend that where the cause of action is not one of the "venue facts" that there should be a trial on the merits at the hearing of the plea of privilege, but only that a prima facie case should be made out. We cannot agree with this contention. The case of Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, states: "The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, or those which are stated in the particular exception of Article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition."

In our opinion, venue was properly laid in Nolan County under the provisions of Subdivision 27 of the venue statute which provides that "foreign corporations * * * not incorporated by the laws of this State, and doing business within this State, may be sued * * * in any county where such company may have an agency or representative * * *." Appellant is (1) a foreign corporation, (2) not incorporated by the laws of this State, and (3) is doing business within the State. These facts are alleged in appellee's controverting plea and are established by the allegations in appellant's plea of privilege. There remains only the venue fact question of whether appellant had an "agency or representative" in Nolan County.

■ The evidence showed that appellant, Southwestern Greyhound Lines, Inc., operated regular scheduled buses through Nolan County which made regular stops at the Greyhound Bus Terminal in Sweetwater in said County; that Buford Carroll was manager of such terminal where he could always be located; that he exercised authority over other employees and made decisions as to what should be done when questions arose concerning shipments or passengers. Tickets were sold at the terminal to any point covered by the Greyhound lines. This evidence amply supports the implied finding of the court that appellant had an agency or representative in Nolan County. Bay City Iron Works v. Reeves & Co., 43 Tex.Civ.App. 254, 95 S.W. 739; Shamrock Oil & Gas Corporation v. Todd, Tex.Civ.App., 166 S.W.2d 766.

■ Nothing else was required under this particular provision of Subdivision 27 to establish venue in Nolan County. Under such provision appellee was not required to prove a cause of action, prima facie or otherwise. Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265 (Sup.Ct.).

The trial court did not err in overruling appellant's plea of privilege.

The judgment of the trial court is affirmed.