### MONTGOMERY v. GIBBENS.
#### No. 2897.

Court of Civil Appeals of Texas. Eastland.
Dec. 14, 1951.

Rehearing Denied Jan. 11, 1952.

McMahon, Springer, Smart & Walter, Abilene, for appellant.

Schulz & Webb, Abilene, for appellee.

COLLINGS, Justice.

This appeal is from an order overruling a plea of privilege. Reed Gibbens and his wife, Vernice Gibbens, brought suit in Stephens County against appellant, Lewie Montgomery, dba Montgomery Trucking Company, who was and is a resident of Ector County, Texas. They alleged that by reason of the negligent operation of appellant's truck on Highway No. 67 in Stephens County by an employee of appellant, acting in the course of his employment, such truck was caused to collide with and to damage appellee's car which was also being operated on said highway; that Mrs. Gibbens was injured in such collision and by reason thereof, suffered great physical pain and necessarily incurred medical expenses

and doctor bills. They prayed for damages in the sum of $2,650.00.

Appellant Lewie Montgomery duly filed a plea of privilege to be sued in Ector County, the place of his residence. Reed Gibbens filed a controverting plea signed only by his attorney. The sufficiency of the affidavit to such controverting plea was challenged by special exceptions. On a hearing before the court without a jury, Montgomery's plea of privilege was overruled and from such judgment he brings this appeal.

In appellant's first point it is contended that the court erred in overruling his plea of privilege because appellee Gibbens "failed to verify his controverting plea by a sufficient affidavit to which appellant directed special exceptions." Appellant urges that the controverting plea shows on its face that Gibbens did not swear to the truth of the allegations therein contained, but that the affiant is one of the attorneys representing appellee; that no where in said controverting plea is there an affidavit by such attorney or any one else representing appellee, swearing to the facts alleged therein, as required by law.

It is true that Reed Gibbens did not sign or swear to the truth of the allegations contained in the controverting plea. His attorney did sign the plea and made an affidavit attached thereto which recited that he was the attorney of record for Reed Gibbens and was authorized to make the affidavit. Appellant urges that the affidavit shows on its face that the attorney did not have personal knowledge of the facts alleged because the notorial certificate recites that such affiant was authorizd to make the affidavit. It is contended that inescapable inference is that information so obtained was hearsay and that an affidavit grounded upon such information is, in truth and fact an affidavit based upon information and belief and is insufficient to meet the legal requirements of a controverting affidavit.

Rule No. 14, Vernon's Texas Rules of Civil Procedure provides: "Whenever it may be necessary or proper for any party to a civil suit or proceeding to make an affidavit, it may be made by either the party or his agent or his attorney."

By the language of the rule, Webb, as attorney for appellee, was authorized to make the affidavit for his client. The fact that such authority was indicated in the affidavit should not impair its efficiency. The affidavit by Webb recited that "The allegations, denials, and facts set out in the foregoing controverting plea are true and correct." In our opinion, the verification was sufficient. There was an unqualified affirmation under oath of the facts therein set out. Doll et al. v. Mundine, 84 Tex. 315, 19 S.W. 394; Utz et al. v. Michael et al. Tex.Civ.App., 227 S.W.2d 597; Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709.

Appellant's second point urges that the court erred in overruling his plea of privilege because there was no evidence or, in any event, insufficient evidence, to show that appellee's alleged cause of action occurred in Stephens County. The following testimony by Mrs. Gibbens with reference to this issue appears in the record:

"Q. Did you or not drive that automobile here in Stephens County, Texas, on September 30, 1950, in a northerly direction from Breckenridge? A. Yes, sir.

"Q. Did you have an accident at that time? A. Yes, sir.

"Q. Was that Highway No. 67 on which you were driving that automobile at that time? A. Yes, sir."

The effect of this testimony, in our opinion, was that the accident occurred in Stephens County. In answer to the first question above set out, Mrs. Gibbens affirmed that she drove the automobile in Stephens County on September 30, 1950. In answer to the second question she stated that she had the accident at that time. The testimony confines the locale of the accident to Stephens County.

It is contended in appellant's third point that the court erred in overruling his plea of privilege because plaintiff Vernice Gibbens did not file a controverting plea thereto. Vernice Gibbens is a married woman. Damages for personal injuries to a married woman are community property and the husband is entitled to sue therefor without the joinder of his wife. Southern Ice & Utilities Co. v. Richardson,

314

128 Tex. 82, 95 S.W.2d 956; Houston Gas & Fuel Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086. It follows that the husband alone is required to controvert a plea of privilege in such cases.

Appellant's sixth and seventh points complain of the action of the court in overruling objections to certain testimony given by Vernice Gibbens and appellee Reed Gibbens. This case was tried before the court without a jury and error of the court, if any, in admitting testimony is not ground for reversal of a case if there is other and competent evidence to support the judgment. It is presumed in favor of the judgment that the court did not consider incompetent evidence in the rendition thereof. Of course, in determining the sufficiency of the evidence, incompetent testimony to which proper objection was duly made is not available in support of the judgment.

Appellant urges in his fifth point that there was no evidence or in any event, insufficient evidence to establish that the driver of the truck involved in the collision was (1) employed by appellant and (2) engaged in the course of his employment for appellant at the time of the collision, and that the court, therefore, erred in overruling his plea of privilege. We are of the opinion that the evidence together with facts which were held to be deemed or admitted, were sufficient to show that the truck driver in question was employed by and in the course of his employment with appellant Montgomery at the time of the collision.

It was established by the evidence that Wayne Lawler was the driver of the truck involved in the collision. The following, among others, are requests for admissions made by appellee and answers made thereto by appellant:

"2. That on September 30, 1950, defendant Montgomery Trucking Company, owned a truck which was involved in a collision with an automobile driven by Vernice Gibbens.

"2. This defendant alleges that he cannot truthfully either admit or deny the matters contained in paragraph 2 of said request for the reason that he does not know of his own knowledge anything about any collision with an automobile driven by Vernice Gibbens.

"4. That at the time of the collision between defendant's truck and the car driven by Vernice Gibbens on September 30, 1950, Wayne Lawler was an agent or employee of Montgomery Trucking Company.

"4. This defendant cannot truthfully admit or deny the matters contained in paragraph 4 of said request for the reason that he does not know of his own knowledge anything about a collision between any of his trucks and a car driven by Vernice Gibbens on September 30, 1950 and therefore he cannot swear to the statements and admissions shown in paragraph 4.

"5. That at the time referred to in question 4, Wayne Lawler was acting within the scope of his agency or employment to Montgomery Trucking Company.

"5. This defendant cannot truthfully either admit or deny the matters set forth in request No. 5 for the reason that he has no actual personal knowledge of any collision between any one of his trucks and a car driven by Vernice Gibbens and for that particular reason cannot swear to said statements contained therein."

Appellee filed a motion that the admissions requested be deemed admitted because appellant gave no valid reason for not answering such requests. During the first proceedings of the case the motion was argued before the court and overruled, but later and after the interrogation of witnesses, the court granted such motion. Appellant urges that the court erred in granting the motion. He contends (1) that the request for admissions was not made in conformity with Rule No. 169, Vernon's Texas Rules of Civil Procedure; (2) that neither the request for admissions nor the admissions were ever introduced in evidence and further, (3) that the answers made by appellant to such requests for admission were not evasive as urged by appellee and found by the court, but were proper and in strict conformity with said Rule 169.

Appellee made and filed two requests for admission. Both contained requests num-

bers 2, 4 and 5 as above set out. In fact, the two requests for admission were identical in form and substance except that the first which was made on February 14, 1951 did not comply with the amendment to Rule 169 effective March 1, 1950. The merit to appellant's complaint applies only to this first request. The second request for admissions made by appellant on February 15, 1951 contained additional provisions and did substantially comply with the amended rule. It is apparent that it replaced the former and defective request and was not fatally defective as urged by appellant.

Rule No. 169 provides, among other things, as follows: "Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after delivery thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed delivers or causes to be delivered to the party requesting the admission or his attorney of record a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters."

 The answers made by appellant to requested admissions Nos. 2, 4 and 5 were in our opinion, evasive and not in conformity with the above provisions of Rule 169. Appellant certainly had knowledge or the ability to acquire knowledge of whether Wayne Lawler, the driver of the truck in question, was his employee on September 30, 1950. The questions of whether the truck involved was owned by Montgomery and whether Lawler was in the course of his employment were likewise matters about which appellant should have been in position to ascertain the facts by reasonable inquiry. The purpose of the rule was to avoid the necessity of proving facts which are not controverted and particularly which as these are peculiarly within the knowledge of a party litigant of whom admissions are requested. Appellant was required to affirm or deny the requested admissions or to "set forth in detail the reasons" for not so doing. Such reasons themselves may not be fickle but must be based upon reason. To refuse to admit or deny the above requests for the stated reason that he did "not know of his own knowledge anything about the collision" was an evasion of rather than a reply to such request and did not comply with the rule. The court did not err in deeming admitted such requests for admission.

We cannot agree with appellant's contention that it was improper for the court to consider such requests for admissions and the admissions themselves because they were not introduced in evidence. The trial was to the court without a jury. The requests and answers were presented to and specifically called to the court's attention by appellee's motion to deem same admitted and the motion was acted upon by the court. Such requested admissions were found by the court to be true and were therefore considered and passed upon by the court as effective as if technically offered in evidence.

We find no reversible error and the judgment of the trial court is affirmed.