## FULLER NURSERIES & TREE SERV-ICE et al. v. JONES et al.

### No. 10102.

Court of Civil Appeals of Texas.
Austin.

Dec. 3, 1952.

Lucian Touchstone, W. Richard Bernays by W. Richard Bernays, Dallas, for appellant.

Helm & Jones by George E. Pletcher, all of Houston, for appellee.

GRAY, Justice.

This appeal is from a judgment overruling appellants' plea of privilege. Appellees sued appellant, individually and doing business under the name of Fuller Nurseries and Tree Service, to recover damages for personal injuries sustained in an automobile-truck collision. It was alleged that the collision occurred at about 11:30 o'clock P.M. on September 2, 1951, on a highway in Milam County; that an employee of appellant, acting in the course and scope of his employment, was the driver of the truck; that the truck driver was negligent in numerous respects and that each act of negligence was a proximate cause of the collision and damages.

Appellant filed his plea of privilege to be sued in Dallas County, the county of his residence. The plea was controverted and in due time appellees made demand for admissions under Rule 169, Texas Rules of Civil Procedure. In answer to that demand appellant admitted that on September 2 and 3, 1951, he was doing business under the name of Fuller Nurseries and Tree Service; that he was the sole owner of the business; that the truck involved in the collision was owned by Fuller Nurseries and Tree Service; that at the time of the collision the truck involved was being operated by his employee in the course and scope of his employment with appellant and as a part of the duties of his employment, and that the collision occurred in Milam County on State Highway 79 at about 12 o'clock midnight September 2, 1951. These admissions were filed in the clerk's office as the rule provides.

At a nonjury trial witnesses testified that the collision occurred as the automobile was coming around a curve at an underpass; that the truck had no lights and was "straddle" of the black line in the center of the highway. These witnesses testified to further facts not material here. Appellant offered no witnesses.

During the course of the direct examination of the driver of the automobile appellee's counsel asked:

"Q. Where was the accident just exactly? Well, that is stipulated.

"Mr. Touchstone: That is admitted."

The admissions were not introduced into evidence and the trial court's attention was not directed to them by motion or by their tender as evidence.

Appellant says that without the admissions there is no evidence, and, in the alternative the evidence is insufficient, to support the judgment overruling his plea of privilege.

Appellant does not argue that the rule (169) has not been complied with, but says that because the admissions were not formally introduced in evidence at the trial they could not be considered by the trial court. And further says that the mere filing of the admissions, etc., in the clerk's office does not make them part of the record or bring them before the court.

Rule 169, supra, in part, provides:

"A true copy of a request for admissions or of a sworn statement in reply thereto, together with proof of the delivery thereof as provided in Rule 21a, shall be filed promptly in the clerk's office by the party making such request or such sworn statement."

Neither Rule 169 nor Rule 21a therein referred to makes any requirement that the admissions must be introduced in evidence at the trial before they are to be given any effect or be taken as proof of the facts admitted. However, the rule does provide that each of the matters of which an admission is requested shall be deemed admitted unless a sworn statement is delivered to the party requesting such admissions either denying or setting forth in detail why the matters cannot be truthfully admitted or denied.

The purpose of the rule is to afford litigants an opportunity to avoid the necessity of proving matters within the knowledge of the party upon whom the demand for admissions is served, and to thereby simplify the trial by eliminating uncontroverted matters. Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206; Montgomery v. Gibbens, Tex.Civ.App., 245 S.W. 2d 311, 315.

By overruling appellants' plea of privilege the trial court undoubtedly considered the admissions. Otherwise there was no evidence before him that the truck was owned by appellant and that its driver was an employee of appellant and then acting in the course and scope of his employment.

The statement, supra, made by Mr. Touchstone, appellant's counsel, was a reference to the admissions because at no other place in the record is there any evidence that the collision occurred in Milam County.

In Montgomery v. Gibbens, supra, a motion was filed that admissions requested be deemed admitted because no valid reason was given for not answering such requests, but neither the requests nor the admissions were introduced in evidence. The court held it was not improper for the trial court to consider such requests for admissions and the admissions themselves because they were not introduced in evidence. The court said:

"We cannot agree with appellant's contention that it was improper for the court to consider such requests for admissions and the admissions themselves because they were not introduced in evidence. The trial was to the court without a jury. The requests and answers were presented to and specifically called to the court's attention by appellee's motion to deem same admitted and the motion was acted upon by the court. Such requested admissions were found by the court to be true and were therefore considered and passed upon by the court as effective as if technically offered in evidence."

In Provident Life & Accident Ins. Co. v. Hazlitt, 147 Tex. 426, 216 S.W.2d 805, it was held that the trial court was authorized, in a pretrial proceeding, to consider admissions in ruling on special exceptions and in disposing of the case.

Rule 169 is a part of the pretrial procedure. Sanders v. Harder, supra.

For us to give the rule the meaning attributed to it by appellant would require us to hold that before the admissions could have any effect as such they must be formally introduced in evidence at the trial, and thus require that issues already litigated and determined by the

request for admissions and the reply, and about which there is no controversy, must again be determined by a finding of the trial court as to the truth or falsity of the admissions. Such is not the purpose of the rule. Authorities, supra. In Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, 227, error ref., the court said:

"There are perhaps conditions under which a party would be heard in court to deny statements and admissions previously made by him against interest, but we think the effect of Rule 169 is comparable to a legal admission made in the applicable pleadings of a party, which will admit of no denial by him."

The judgment of the trial court is affirmed.