**PACIFIC FINANCE CORPORATION,**
Appellant,

v.

**Robert F. RAMSEY, Appellee.**

No. 3483.

Court of Civil Appeals of Texas.

Waco.

Sept. 12, 1957.

Irion, Cain, Cocke & Magee, Henry E. Wise, Dallas, for appellant.

Witt, Terrell, Jones & Riley, O. F. Jones, III, Waco, for appellee.

**McDONALD, Chief Justice.**

This appeal is from an order overruling a plea of privilege, and involves Exception 27 of Article 1995 R.C.S. Parties will be referred to as in the Trial Court.

Plaintiff Ramsey brought this suit to recover for damages as the outgrowth of the harsh, unreasonable and malicious collection efforts employed by defendant's agents in connection with a loan defendant made to plaintiff on an automobile. Defendant filed its plea of privilege to be sued in Dallas County, the county of its residence and principal office. Plaintiff filed a controverting plea, alleging venue in McLennan County by virtue of Exceptions 27 and 9 of Article 1995, Vernon's Ann.Civ.St. art. 1995. Trial was before the court without a jury, which, after hearing, overruled defendant's plea of privilege. Defendant appeals, contending: 1) The Trial Court erred in overruling its plea of privilege for the reason that plaintiff did not establish that defendant corporation had an agent or representative in McLennan County. 2) The Trial Court erred in overruling defendant's plea of privilege because plaintiff did not introduce proof of his right to a trial in a cause of action against defendant in McLennan County. 3) The Trial Court erred in overruling defendant's motion to strike *admissions* filed by defendant for the reason that same were not introduced in evidence. 4) Plaintiff did not establish that a trespass had been committed in McLennan County.

Exception 27, Article 1995, R.C.S., provides:

"Foreign corporations * * * not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, *or in any county where such company may have an agency or representative * * *".

As noted, trial was before the court without a jury, which after hearing overruled defendant's plea of privilege. The Trial Court, upon request of the defendant, filed Findings of Fact and Conclusions of Law, summarized as follows:

### Findings of Fact

1) Plaintiff is a resident of McLennan County, Texas; defendant is a foreign corporation doing business in Texas.

2) The principal office of the defendant is located in Dallas, Texas; it maintains other offices throughout Texas.

3) The principal business of defendant is lending money, including discounting the commercial paper of automobile dealers.

4) The defendant operates in the field of consumer loans through a branch, division or subsidiary corporation, Pacific Finance Loans, which is a Texas corporation, and with which it maintains joint offices in Dallas, Texas.

5) Pacific Finance Loans has an office in Waco, Texas, where it conducts business.

6) On various occasions, acting on the request of Pacific Finance Corporation, Pacific Finance Loans has conducted the business of Pacific Finance Corporation in McLennan County, Texas.

7) Pacific Finance Loans presently stands ready to act in behalf of Pacific Finance Corporation in connection with any of the business of Pacific Finance Corporation which is referred to Pacific Finance Loans and when it is requested to so act.

8) The relationship between Pacific Finance Corporation and Pacific Finance Loans existed when this suit was filed.

9) Defendant requested Pacific Finance Loans to discuss with and collect or attempt to collect on the note of the plaintiff owned by the defendant, which request Pacific Finance Loans fulfilled.

10) Plaintiff paid some of his payments on said note to defendant in Dallas, and some in Waco to the agents of defendant in Waco, McLennan County.

11) The relationship of Pacific Finance Corporation and Pacific Finance Loans existed by oral agreement and extended to Pacific Finance Loans' discretionary authority to act for Pacific Finance Corporation in dealing with the customers of Pacific Finance Corporation subject to the control and acceptance of Pacific Finance Corporation.

### Conclusions of Law

1) Defendant maintains an agency or representative within the meaning of Sec. 27, Article 1995, with discretionary powers for conducting the business of defendant, including the collection of money loaned in McLennan County, Texas.

2) On more than on occasion defendant has had more than one agent or representative in McLennan County for purposes of conducting defendant's business.

3) At the time this suit was filed, defendant maintained said agency or representative in McLennan County for the purpose of conducting defendant's business.

4) Defendant's plea of privilege should be overruled since an exception to the venue statute exists, and the suit is properly maintained in McLennan County, Texas.

■ Reverting to defendant's first contention—that plaintiff did not establish that defendant had an agent or representative in McLennan County—the Trial Court found that defendant did have an agent or representative in McLennan County. We have carefully reviewed the evidence and conclude that it is ample to sustain this finding.

■ Defendant's second contention is levelled at plaintiff's failure to *introduce proof of* cause of action against defendant in McLennan County.

Our Supreme Court established the rule as to venue now in effect in Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, wherein it said:

"The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the *particular exception* of article 1995 that is applicable or appropriate to the character of suit alleged in plaintiff's petition."

This rule has been followed in National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, and in Southwestern Greyhound Lines v. Day, Tex.Civ.App., 238 S.W.2d 258, the last case holding in addition pursuant to said rule, that since subdivision 27, Article 1995, did not provide for the proof of a cause of action, none was necessary prima facie or otherwise, and Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265. See also Ward v. Davis, Tex.Civ.App., 262 S.W.2d 533; and Ladner v. Reliance Corporation, Tex., 293 S.W.2d 758. Exception 27, Article 1995, provides that *foreign corporations may be sued in any county where such company may have an agency or representative.* The exception does not call for proof of the additional fact of the existence of a cause of action in order to maintain venue under this exception. Under the foregoing authorities we refuse to engraft requirements additional to those called for by the *particular exception,* in this case Exception 27.

■ Defendant's complaint that the Trial Court erred in overruling its motion to strike *admissions* filed by defendant because same were not introduced into evidence is without merit. Such were a part of the record of the case. The cause was tried before the court without a jury and is entitled to consider the entire record of the case. Moreover, the admissions are just as binding on defendant as if they had been made from the stand in open court.

Defendant's complaint that plaintiff did not establish a trespass in McLennan County is likewise without merit, since plaintiff elected to stand on Exception 27 to Article 1995 and abandoned Exception 9. Under Exception 27 proof of trespass is not applicable.

All of defendant's points and the contentions thereunder made have been carefully considered and are overruled. The judgment of the Trial Court is affirmed.