KANSAS CITY TITLE INSURANCE COMPANY, Appellant,

v.

ATLAS LIFE INSURANCE COMPANY, Appellee.

No. 7235.

Court of Civil Appeals of Texas.

Texarkana.

May 17, 1960.

Richard Owens, Fort Worth, for appellant.

George E. Seay, of Malone, Lipscomb, Seay & Gwinn, Dallas, for appellee.

CHADICK, Chief Justice.

This is a venue case. The judgment of the trial court overruling a Plea of Privilege is affirmed.

The appellee, Atlas Life Insurance Company, filed suit in the District Court of Dallas County, Texas, to recover $13,500 from the appellant, Kansas City Title Insurance Company, alleged to have accrued under the terms of a title insurance policy issued by appellant.

Three points of error are briefed. The first will not be discussed as its disposition is not controlling. It is believed venue of the case is established in Dallas County under Subdivision 27, Art. 1995, Vernon's Ann.Tex.Civ.St., which prescribes venue of suits against foreign corporations. The second and third points require discussion.

The second point presents as error the failure of the appellee to prove that the appellant had an agent or representative in Dallas County at a time material to the case. In support of this point several arguments are made. It is first contended that the appellee failed to introduce in evidence certain of its requests for admissions and the appellant's replies, and that such requests and admissions cannot now be relied upon to support the judgment entered. The second contention is that the subdivision requires that the agent or representative be subject to the control of the appellant and act in promoting its business and that no evidence

in this respect was introduced by the appellee.

■ The statement of facts shows the following proceedings near conclusion of the hearing with respect to admissions under Rule 169, Vernon's Ann. Tex. Rules of Civil Procedure:

"Mr. Seay: The only further testimony is we offer these admissions, your Honor, and get Mr. Guinn to read them.

"The Court: Why don't you just let her mark them and put them in evidence without reading them.

"Mr. Seay: All right. We'll offer the Plaintiff's requests for admissions and the Defendant's reply.

"Mr. Owens: We will admit they have been offered and received in evidence.

"Mr. Seay: I would like to say this:

"The Court: Give her a chance to mark them.

"Mr. Seay: Yes—that we are not offering the ones where you say you can't admit or deny. We are offering those that you admit.

"The Court: Why don't you just offer all of them and I understand—

"Mr. Seay: All right.

"The Court: —the ones you can't admit are not offered.

"Mr. Seay: All right."

Consideration of the various statements made by court and counsel concerning the tender perhaps leaves some room for debate as to whether or not requests 3 and 4 and the replies thereto were tendered in evidence. It is thought that the tender is sufficient; but tender is not of controlling importance. Filing the replies placed them and such admissions as they make in the record for consideration. The trial judges attention was directed to them and a further offer as evidence is not required under

this record. Montgomery v. Gibbens, Tex. Civ.App., 245 S.W.2d 311, n. w. h.; Fuller Nurseries & Tree Service v. Jones, Tex.Civ. App., 253 S.W.2d 946 n. w. h.

The appellee's request for admissions number 3 and the appellant's reply are shown to have been:

Request No. 3. That Kansas City Title Insurance Company has, or has had, an agency in Dallas County, Texas, during any part of the period June 10, 1954 to July 31, 1959.

Reply To No. 3. This defendant is an underwriter of title insurance and issues title policies in the State of Texas. Anyone in Texas issuing a policy of title insurance whereby this defendant guarantees title to realty operates under a contract with limited authority. Defendant cannot answer this question "Yes" or "No" as it calls for a question of law and fact.

■■ Request No. 4 was identical with Request No. 3 except the substitution of the word "representative" for "agency". The reply to No. 4 was identical with the No. 3 reply.

A part of Rule 169 deemed to be of special pertinence here is:

" * * * Each of the matters of which an admission is requested shall be deemed admitted unless * * * the party to whom the request is directed delivers * * * to the party requesting the admission * * * a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters. * * * "

The reply to requests 3 and 4 are not responsive and do not deny specifically the matters inquired about. Request No. 3 and 4 seek an admission that the appellant had an agency and a representative in Dallas County during the period of time from June 10, 1954, to July 31, 1959. The

first two sentences of the appellant's reply states that it is an underwriter of title insurance, issues title policies in the State of Texas, and that anyone issuing a policy of title insurance binding the appellant operates under a contract of limited authority. No effort is made to affirm or deny an agency or representative in Dallas County by such language. The third sentence of the reply expresses the appellant's opinion that the question asked cannot be answered yes or no because it calls for an answer to a question of law and fact. Simply because the question can not be answered yes or no does not excuse an answer or make the question one of law or fact. Nor does the appellant's conclusion that a question of law and fact is asked, standing alone, constitute an acceptable reply within the requirement of the rule. The reply does not set forth in detail the reason why the appellant can not truthfully admit or deny that it had an agency or representative in Dallas County. Under the record nothing is shown to support the conclusion that a question of law would be answered in either admitting or denying the agency or representative inquired about. See Montgomery v. Gibbens, supra; Bowman Biscuit Co. of Texas v. Hines, Tex.Civ.App., 240 S.W.2d 467; Id., Tex., 251 S.W.2d 153; Taylor v. Owen, Tex.Civ.App., 290 S.W.2d 771, n. r. e.; Sanchez v. Caroland, Tex.Civ.App., 274 S.W.2d 114, n. w. h.

Evading an answer justified the trial court in accepting it as an admitted fact that the title insurer had an agency and a representative in Dallas County at the time stated in the request. Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, w/r; Montgomery v. Gibbens, supra; Sanchez v. Caroland, supra; Palm v. LaMantia Bros. Arrigo Company, Tex.Civ.App., 287 S.W.2d 208, n. r. e.; Lozano v. Kazen, Tex.Civ.App., 313 S.W.2d 894; Longoria v. Violet Gin Company, Tex.Civ.App., 309 S.W.2d 484, n. r. e.

The admissions made in reply to request number 4 though not responsive to the request are sufficient to show that the Dallas County representative comes within the terms of "agent or representative" as used in the subdivision. See Milligan v. Southern Express, 151 Tex. 315, 250 S.W.2d 194. The discussion in that case at page 198 of 250 S.W.2d says:

"* * * But, whether the * * * court be correct or not in its thesis that an agency cannot exist without the power to contract for the principal, such power and its regular use in the very name of the principal as the contracting party are certainly the strongest indication that the principal is doing business through an agency. * * * So long as they were valid contracts of the defendant, it makes little difference * * * what degree of control was exercised by the defendant over the activities of Northeast (the representative). * * *". (Interpolation added.)

The admission that the agent might bind the company by contract, though his powers were limited, is sufficient to meet the requirements of the subdivision. See also 1 McDonald Tex. Civ. Practice 396, Sec. 4.30.

The emphasis on the questions of agency and representative and the absence of complaint respecting proof of other requisite venue facts under Subdivision 27 tacitly concedes establishment of such other venue facts. It seems clear that the judgment is supported by evidence and appellant's second point must be overruled.

The lot subject to the provisions of the title insurance policy is located in Tarrant County, Texas. Appellant contends under its third point that venue is fixed in such county by Subdivision 14, Art. 1995. The subdivision pertains to suits for recovery of land, damages to land, removal of title encumbrances, and to quiet title, prevent or stay waste to lands, and fixes venue of suits within the scope of the subdivision in the county where the land or part thereof lies.

From the pleadings of the parties it is clear that this is simply a suit for indemnity under the terms of the title policy and this purpose of the suit does not fall within the scope of actions governed by Subdivision 14. There is no question made by pleadings that the title insurance company either possesses, claims, encumbers or clouds title to the tract, or that it has committed waste, encroached upon or damaged the possession or freehold thereof. The suit as pled does not seek to have title adjudicated, title encumbrances removed, nor redress for any injury the appellant has inflicted to the possession or to the freehold of the lot, nor to prevent or stay waste. It is clear the Subdivision 14 has no application. See 1 McDonald Tex. Civil Practice pages 375, 380–381, Sec. 4.22.

Appellant's three points of error are overruled and the judgment of the trial court is affirmed.