**HANOVER INSURANCE COMPANY,
Appellant,**

v.

**James Franklin SANFORD et al., Appellees.**

**No. 7150.**

Court of Civil Appeals of Texas,
Beaumont.

June 25, 1970.

Weller, Wheelus, Green & Brocato, Beaumont, Tex., for appellant.

L. Roger Ratliff and Leon Crum, Silsbee, Tex., for appellee.

PARKER, Chief Justice.

Hanover Insurance Company has appealed from an order of the District Court of Hardin County overruling its plea of privilege. Plaintiffs, James Franklin Sanford and wife, Naomi Sanford, individually, and as next friends of their minor child, Kent Franklin Sanford, (hereinafter called "plaintiffs") alleged the existence of a policy of automobile liability insurance, containing an "uninsured motorist" clause issued by Hanover Insurance Company to Sanford; that such policy was in full force and effect on or about April 17, 1968, when plaintiffs were proceeding down a highway in Hardin County. Suddenly a car driven by a motorist whose name is not known, and whose automobile has not been found or identified, appeared in plaintiffs' lane of traffic proceeding in the opposite direction. Plaintiffs alleged that various acts of such unknown motorist forced plaintiff, Sanford, to leave the highway on his right-hand side of the road and as a result his pickup truck struck a culvert and telephone pole, causing serious bodily injuries to each of

the plaintiffs; that acts of commission and omission detailed in said first amended petition, including the unknown driver being on the wrong side of the road were negligence and a proximate cause of *the collision*, made "the basis of this suit and the injuries sustained by the plaintiffs and the damages suffered by the plaintiff, James Franklin Sanford, as a result of the above described acts of negligence."

The defendant, Hanover Insurance Company, timely filed its plea of privilege asserting that it was a foreign corporation with a permit to do business in the State of Texas with its domicile and principal place of business in Dallas, Dallas County, Texas. This plea was controverted by plaintiffs under Exceptions 3, 5, 9a, 23, 27, 28 and 29a of Article 1995, Vernon's Ann.Civ.St. Hanover Insurance Company contended on the trial that the alleged uninsured motorist had no coverage under this policy and that plaintiffs had no claim in that the alleged unidentified, unknown motorist did not fall within the definition of "hit and run" driver as defined in the policy of insurance.

Hanover in its Point Two contends the District Court erred in sustaining plaintiffs' controverting plea to the plea of privilege of defendant, Hanover, because under the undisputed facts the plaintiffs had no cause of action under the uninsured motorist provisions of this policy of insurance against this defendant or the alleged unknown driver:

"* * * therefore, venue in Hardin County could not be sustained under either Subdivision 4, Subdivision 9a, Subdivision 23, or Subdivision 27 or 29a of Article 1955, Revised Civil Statutes."

Plaintiffs make no effort in this court to maintain venue under any exception other than No. 27 so we will consider the appeal under Exception 27 of Article 1995 and not otherwise. Rules of Civil Procedure, rule 419.

The plaintiffs' sole counter-point is as follows:

"The district court properly overruled appellant's plea of privilege under Subdivision 27, Art. 1995, Texas Civil Statutes, in that it was shown that appellant is a foreign corporation doing business within this state and has an agency or representative located in Hardin County, Texas."

Exception 27 of Article 1995 reads:

"*Foreign corporations.*—Foreign corporations, private or public, joint stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside."

It is undisputed that:

1. Plaintiffs are residents of Hardin County, Texas.

2. Hanover Insurance Company is a foreign insurance corporation incorporated in a state other than the State of Texas, is authorized to and does transact business in the State of Texas, and that it has Paul Georgas of the Cravens Insurance Agency of Silsbee, Hardin County, Texas, as a recording agent for the company.

3. That on or about the 13th day of November, 1967, Hanover issued Policy No. 1 ACF 78 42 60 to plaintiff, James Franklin Sanford, for insurance coverage for a term of one year from November 13, 1967 to November 13, 1968, which was in full force and effect on April 17, 1968.

4. The parties admitted the existence of a policy, being Exhibit 1 attached to plaintiffs' request for admissions of fact and such is a true and correct copy of the insurance policy.

The parties stipulated for the purpose of the hearing upon the question of venue and agreed upon the following facts without prejudice to the rights of either party to present further evidence at such hearing:

"I. That on November 13, 1967, N. A. Cravens of Cravens Insurance Agency, located in Silsbee, Hardin County, Texas and then owned by N. A. Cravens, was duly licensed under the laws of the State of Texas as an insurance recording agent and authorized to transact business as a "Recording Insurance Agency" as evidenced by a true and correct copy of License No. 54748, dated January 11, 1967, issued by the Texas State Board of Insurance, attached hereto as Exhibit I, and for all purposes incorporated herein and made a part hereof. Further, said N. A. Cravens doing business as Cravens Insurance Agency, on November 13, 1967, was a recording agent for the Hanover Insurance Company of New York, New York, the Defendant herein, as evidenced by a true and correct copy of the notice of appointment of recording agent dated December 27, 1966, attached hereto as Exhibit II, and for all purposes incorporated herein and made a part hereof, said notice of appointment of recording agent having been duly filed with the Commissioner of Insurance and never having been revoked or otherwise terminated.

"II. That the said N. A. Cravens, doing business as Cravens Insurance Agency, operating under the transacted business in Hardin County, Texas continually as a duly licensed insurance recording agent for the Hanover Insurance Company of New York, New York from January 11, 1967 to June 19, 1969. N. A. Cravens died on or about March, 1969.

"III. That on May 16, 1969, Paul Georgas was duly licensed to act as a recording agent as the owner of Cravens Insurance Agency located in Silsbee, Hardin County, Texas as evidenced by a true and correct copy of License No. 0060196 dated May 16, 1969 issued by the State Board of Insurance, attached hereto as Exhibit III, and for all purposes incorporated herein and made a part hereof. Further, Mr. Paul Georgas, as owner of the said Cravens Insurance Agency, was appointed a local recording agent for the Hanover Insurance Company of New York, New York, as evidenced by a true and correct copy of notice of appointment of recording agent dated June 12, 1969 and approved June 19, 1969, attached hereto as Exhibit IV, and for all purposes incorporated herein and made a part hereof, said notice of appointment having been duly filed with the Texas State Commissioner of Insurance and never having been revoked or terminated to date.

\* \* \* \* \* \*

"V. That on November 13, 1967, the Hanover Insurance Company of New York, New York, Defendant herein, issued in Hardin County, Texas, by and through its local recording agent, the said Cravens Insurance Agency, Automobile Insurance Policy No. 1 ACF 78 42 60 to James Franklin Sanford, Plaintiff herein."

Upon the hearing it was proved plaintiffs were injured in the automobile driven by James Franklin Sanford on Highway 92 in Hardin County as a result of an automobile mishap on or about April 17, 1968. Sanford testified that he was travelling north "and meeting a car, and here come another one around him and put me off the road. When I taken to the ditch it looked like he started to take it or something. I didn't take it far enough and hit a culvert and went on and hit a high line."

The other occupants of the car were his wife and son. All three were injured.

Under Exception 27 it is not required that a cause of action be proved against Hanover for the plaintiffs to sustain venue in Hardin County, provided it is established that Hanover is a foreign corporation doing business in this state and has

an agency or representative in Hardin County where the suit was filed. Commercial Ins. Co. of Newark, N. J. v. Adams, 366 S.W.2d 801, 808 [(Houston Tex.Civ.App., 1963) error ref., 396 S.W.2d 927 (Tex.Sup., 1963)]; 18 Southwestern Law Journal 298, 301 (1964); Southwestern Greyhound Lines, Inc. v. Day, 238 S.W.2d 258 (Eastland Tex.Civ.App., 1951, no writ); 1 McDonald, Texas Civil Practice (Rev. Ed.) § 4.30.4, and cases cited.

The only issue before this court is whether Hanover has an agent or representative in Hardin County to sustain venue in said county. Although appellant, Hanover, admits it has a "local recording agent" in Hardin County, it argues that such agent or agency is not an "agency or representative" within the meaning of Exception 27 of Article 1995. In Section 2, Article 21.14 of the Texas Insurance Code, V.A.T.S., a local recording agent is defined as follows:

" * * * a person or firm engaged in soliciting and writing insurance, being authorized by an insurance company or insurance carrier, including fidelity and surety companies, to solicit business and to write, sign, execute, and deliver policies of insurance, and to bind companies on insurance risks, and who maintain an office and a record of such business and the transactions which are involved, who collect premiums on such business and otherwise perform the customary duties of a local recording agent representing an insurance carrier in its relation with the public; or a person or firm engaged in soliciting and writing insurance, being authorized by an insurance company or insurance carrier, including fidelity and surety companies, to solicit business, and to forward applications for insurance to the home office of the insurance companies and insurance carriers, where the insurance company's and insurance carrier's general plan of operation in this State provides for the appointment and compensation of agents for insurance and for the execution of policies of insurance by the home office of the insurance company or insurance carrier, "or by a supervisory office of such insurance company or insurance carrier, and who maintain an office and a record of such business and the transactions which are involved, and who collect premiums on such business and otherwise qualify and perform the customary duties of a local recording agent representing an insurance carrier in its relation with the public."

Exception 27 of Article 1995 uses the phrase "where such company may have an agency or representative." It has been held that a title insurance agent even though his powers were limited met the requirements of an agency or representative under Exception 27. Kansas City Title Ins. Co. v. Atlas Life Ins. Co., 336 S.W.2d 204 (Texarkana Tex.Civ.App., 1960, no writ).

Other decisions bearing on this question are Milligan v. Southern Express, 151 Tex. 315, 250 S.W.2d 194 (1952); and John Hancock Mut. Life Ins. Co. v. Torrance, 270 S.W. 218 (Waco Tex.Civ.App., 1925, no writ) where venue was maintained in McClennan County under Section 28, Article 1830, Texas Civil Statutes (now Exception 27, Article 1995, V.A.C.S.).

The powers and authority of a local recording agent are definitively set forth in Home Ins. Co. of New York v. Roberts, 129 Tex. 178, 100 S.W.2d 91 (1937).

The appointment of a recording agent reads in part:

" * * * is hereby appointed agent for the transaction of its authorized business of insurance in Texas * * * "

State Farm Mutual Automobile Ins. Co. v. Matlock, 13 Tex.Sup.Ct. Journal 287 (1970). See Home Ins. Co., New York v. Barbee, 166 S.W.2d 370 (Galveston Tex.Civ.App., 1942, no writ).

This court holds that Georgas, as the recording agent of Hanover, located in Silsbee, Hardin County, Texas, is such an agency or representative as used in Exception 27 of Article 1995. The plain-

tiffs did not have to prove a cause of action to come under Exception 27 of Article 1995.

Although Hanover had points of error relating to Exceptions 3, 5, 9a, 23, 28 and 29a of Article 1995, these contentions are not passed upon as we have found the trial court properly maintained venue in Hardin County under Exception 27 of Article 1995.

Judgment of the trial court affirmed.

KEITH, Justice (concurring).

I concur, with great reluctance, in the disposition of this case. I do so because I feel bound by the prior opinions of our Supreme Court, but in so doing, I point out this self-evident fact: The affirmance is required *solely* because Hanover is a foreign corporation. If it were a domestic corporation, the judgment below would be reversed. In my opinion, this is an obnoxious and discriminatory result, and one which should be called to the attention of the Legislature.

If Hanover were incorporated in Texas, instead of New Jersey, plaintiffs would have been required under Exception 23, Article 1995 to have proved cause of action as a prerequisite to the maintenance of venue in Hardin County. For a discussion of many of the cases so holding, see Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W. 2d 694, 698 (Tyler Tex.Civ.App., 1965, no writ). The statutory requirement that a cause of action be proved on the venue hearing was made a part of Exception 23 by the 1943 amendment to the section. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d

458 (1948), conformed to in East Texas Motor Freight Line v. Jackson, 216 S.W. 2d 686 (Texarkana Tex.Civ.App., 1948, no writ). See also, 18 Southwestern Law Journal 291, 298–299 (1964). No comparable amendment was made to *Exception 27* relating to foreign corporations* Thus, there is no requirement that a plaintiff suing a foreign corporation prove a cause of action to maintain venue under *Exception 27*. Andretta v. West, 318 S.W. 2d 768, 771 (Texarkana Tex.Civ.App., 1958, error ref. n. r. e.); Pacific Finance Corporation v. Ramsey, 305 S.W.2d 297, 299 (Waco Tex.Civ.App., 1957, no writ); Southwestern Greyhound Lines v. Day, 238 S.W.2d 258 (Eastland Tex.Civ.App., 1951, no writ).

Our Supreme Court has upheld the constitutionality of this statute notwithstanding the obviously discriminatory aspect thereof. Commercial Ins. Co. of Newark, N. J. v. Adams, 369 S.W.2d 927 (Tex.Sup., 1963), overruling this court in Fireman's Fund Insurance Co. v. McDaniel, 327 S.W. 2d 358 (Beaumont Tex.Civ.App., 1959, no writ). The Court of Civil Appeals opinion underlying *Adams,* supra, is reported in 366 S.W.2d 801 (Houston Tex. Civ.App., 1963, error ref.), and an examination of that opinion shows clearly that there was no attempt made by the plaintiffs to prove a cause of action on the venue hearing.

The invidious and disparate result which we reach is pointed up by the fact structure underlying our appeal, to which I shall now turn. Suing upon the uninsured motorist clause in his own policy, the plaintiff named as defendants not only his own insurer, Hanover, but "John Doe, Uninsured and Unknown Motorist."

---

* 1 McDonald, Texas Civil Practice (Rev. Ed.) § 4.30.1, p. 514, says: "Exception 23 was rewritten in 1943. Prior to that date, the statutes made no distinction, so far as venue was concerned, between domestic and foreign corporations. The 1943 amendment, however, ignored exception 27, applicable to foreign private and public corporations, joint stock companies, and associations. Thus foreign corporations or associations having in Texas a principal office or an agent are subject to two venue exceptions, the provisions of which are not identical. The constitutionality of this diverse treatment, after contrary holdings, has now been established. [Footnote citations omitted.]"

Service of process upon Hanover was had by serving the Commissioner of Insurance, not the local recording agent whose residence in the county of suit is relied upon to maintain venue. No effort, insofar as this record discloses, has ·been made to determine the identity of "John Doe", his residence, insurance status, or otherwise. The allegations disclose that this was a "no contact" type of accident and plaintiff's testimony is equivocal as to whether it was a "hit and run" occurrence.

I forego further discussion of the factual or legal basis, if any, of plaintiffs' cause of action because we must remand this cause for further charades in the guise of judicial proceedings. But for the peculiar and odious differences between *Exceptions 23* and *27* which I have mentioned earlier, we could meet and dispose of the basic issues of this cause at this time. Being unable so to do, I join my brethren in the affirmance, leaving to the trial court the duty of making the disposition of this cause which would otherwise be made here and now.