**HOME INDEMNITY COMPANY OF NEW YORK, NEW YORK, Appellant,**

v.

**Charles M. HICKS et ux., Appellees.**

**No. 7427.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 14, 1972.

Rehearing Denied Jan. 4, 1973.

Chilton Bryan, Houston, for appellant.

Bryan Scott, Houston, Renfrow, Zeleskey, Cornelius, Rogers & Berry, Lufkin, for appellees.

KEITH, Justice.

This is a venue appeal. Plaintiff sued to recover on a fire insurance policy covering personal property which he alleged had been damaged or destroyed by fire during the policy period. Suit was brought in Angelina County under allegations that the defendant-insurer had issued the policy in Angelina County through a local recording agent, although the property insured was situated in Harris County.

Defendant's amended plea of privilege contained the usual allegations found in the first paragraph of Rule 86 and contained additional matter: (a) that venue did not lie in Angelina County under subdivision 27 of Art. 1995, Vernon's Ann.Civ.St., but was in Harris County under either subdivisions 23 or 28; (b) a verified denial of the filing of proper proofs of loss; and (c) factual matters which would normally be appropriate in a plea of forum non conveniens, if such a plea existed in our state practice.

Plaintiff's controverting plea sought to maintain venue only under subdivision 27, Art. 1995, V.A.C.S. Upon the hearing, plaintiff proved the issuance of the particular policy in Angelina County by the local recording agent and introduced the policy in evidence. Defendant proved, as plaintiff had alleged, that it was a foreign corporation having a permit to do business in Texas. Plaintiff did not attempt to prove a cause of action nor did he offer evidence on the issue of proof of loss, if such was an issuable fact upon the venue hearing. The trial court overruled the plea of privilege and the appeal follows.

Defendant has an ingenious argument that subdivision 27 is inapplicable, saying that subdivision 23 "applies to domestic and foreign corporations authorized by permit to do business in this State while section 27 of Article 1995 applies to foreign corporations doing business in this State but without permit or authorization." It then says that we should so construe the 1943 amendment to subdivision 23 to accomplish such a result; "or, alternatively, the 1943 amendment to Section 23 amended Section 27, by implication, so that Section 27 only applied to foreign corporations doing business in Texas without permit."

This court is committed to the proposition that, under subdivision 27, all a plaintiff need prove upon a venue hearing in a suit against a foreign insurance company having a permit to do business in Texas is that it had a recording agent in the county of suit. Hanover Insurance Company v. Sanford, 457 S.W.2d 115 (Tex.Civ.App., Beaumont, 1970, no writ). The views of the writer as to the discriminatory result of the 1943 amendment to subdivision 23 as against foreign insurance companies having permits to do business in Texas are set out in *Sanford* (457 S.W.2d at 119).

In Humble Oil & Refining Co. v. Preston, Tex.Civ.App., 487 S.W.2d 956 (not yet reported, opinion released November 22, 1972), we again reviewed the constitutional issues posed by the two subdivisions and we declined the invitation to overrule the decision of the Supreme Court in Commercial Ins. Co. of Newark, N. J. v. Adams, 369 S.W.2d 927 (Tex.1963). We refer to the *Sanford* and *Preston Cases* which follow the Supreme Court decision in *Adams* for the reasons supporting our action.

We find no ambiguity in the amendment to subdivision 23 nor any legislative intent that the requirement of the proof of a cause of action therein inserted was to be applied to corporations subject to subdivision 27. Defendant's attempt to make subdivision 27 applicable only to foreign corporations doing business without a permit must fail under the rationale of the Houston court in the underlying opinion in *Adams* (Tex.Civ.App., 366 S.W.2d 801, 808). In this instance, the Supreme Court said, "We are in agreement with the decision of the Houston Court of Civil Appeals in this case." (369 S.W.2d at 927)

The two subdivisions, as construed by the courts in *Adams*, do not disclose any ambiguity therein nor unconstitutional infirmity in the 1943 amendment to subdivision 23. Under such circumstances, this court is in no position to "construe" the statute in the manner sought by defendant. Cf. Bichsel v. Carver, 159 Tex. 393, 321 S.W.2d 284, 286 (1959), wherein the court noted: "The wisdom of the provision is a legislative matter." So it is in this instance.

Having reviewed the record and finding no error, the judgment of the trial court is in all things affirmed.