Robert Bean, Bean, Francis, Wills & Street, Dallas, for appellants.

Ralph M. Zeleskey, Zeleskey, Cornelius, Rogers, Hallmark & Hicks, Lufkin, for appellee.

**Oswell Marvin SMITH and Mary Peggy Smith, Appellants,**

v.

**TEMPLE EASTEX, INC., Appellee.**

**No. 09 83 228 CV.**

Court of Appeals of Texas, Beaumont.

March 29, 1984.

### OPINION

McNICHOLAS, Justice.

This is a venue case. Appellants brought suit in Jasper County against appellees for the wrongful death of their son who died while working for his employer on the premises of appellee in Angelina County.

Appellee filed its Plea of Privilege to have the case transferred to Angelina County, the situs of the accident. Appellants filed their controverting affidavit alleging venue in Jasper County was proper under TEX.REV.CIV.STAT.ANN. *art. 1995, subdivision 27* (Vernon 1964).[1] The hearing on the Plea of Privilege was held August 25, 1983 and the plea granted.

Appellants allege and, it was stipulated, that appellee is a foreign corporation, incorporated in Delaware, authorized to do busi-

---

1. Effective September 1, 1983, *subdivision 27* of *Article 1995* was amended and is now *section* *3(g)*.

ness in Texas, and on the date of filing of this suit, had an agency or representative in Jasper County. Under *Article 1995, subdivision 27,* venue is proper "... in any county where such company may have an agency or representative ...." Thus, appellants contend the suit was properly brought in Jasper County.

This Court, in *Home Indemnity Company of New York, N.Y. v. Hicks,* 488 S.W.2d 614 (Tex.Civ.App.—Beaumont 1972, writ dism'd), held that under *Article 1995, subdivision 27,* all a plaintiff must prove upon a venue hearing in a suit against a foreign corporation which has a permit to do business in Texas is that the company had an agent or representative in the county of suit. *Accord, Munoz v. Farmland Industries, Inc.,* 603 S.W.2d 225 (Tex.Civ.App.— Houston [14th Dist.] 1980, writ dism'd); *Sumitomo Corporation v. James K. Anderson, Inc.,* 599 S.W.2d 117 (Tex.Civ.App. —Dallas 1980, no writ); *Hanover Insurance Company v. Sanford,* 457 S.W.2d 115 (Tex.Civ.App.—Beaumont 1970, no writ.).

The pros and cons of this exception to *Article 1995* have been thoroughly discussed. *See, Hanover,* (Keith, J., concurring) *supra,* and Spradley, *Texas Venue,* 36 *Sw.L.J.* 645 (1982–83). It serves no useful purpose to dwell further on them.

We hold that appellants properly established an exception under *Article 1995, subdivision 27* to venue in Angelina County. Thus, we reverse the order of the trial court granting a change of venue and direct that this cause be remanded for trial in Jasper County.