**ADCOCK v. HATLEY et ux.**

No. 2262.

Court of Civil Appeals of Texas. Eastland.

May 1, 1942.

Y. W. Holmes, of Comanche, for appellant.

Fred O. Jaye, of De Leon, and C. C. Hampton, of Comanche, for appellees.

LESLIE, Chief Justice.

L. B. Adcock instituted this suit against J. L. and Ola Hatley, alleging them to be husband and wife, and jointly and severally liable to him on a promissory note due April 1, 1941. He alleges the note was executed to him by them in renewal and extension of a past due obligation. J. L. Hatley filed a plea of non est factum, and Ola Hatley claimed nonliability under a plea of coverture. The trial was before the court without a jury, and judgment went in favor of the defendants. There is no statement of facts in the record, but the transcript contains findings of fact and conclusions of law requested by plaintiff.

The appellant, plaintiff below, concedes that the plea of coverture is well taken, and no appeal is prosecuted from that part of the judgment. From the judgment in other respects the plaintiff appeals.

In substance, the court's findings show that the wife signed her name and that of her husband to the note and delivered it to the plaintiff; that they were then living together as husband and wife; that Adcock knew and consented at the time for the wife to sign her husband's name to the note and mortgage. The trial court further finds that the husband, J. L. Hatley, did not sign the note and mortgage and did not give his consent for his wife to sign his name to said instruments, and that he did not later ratify or confirm her actions in so signing his name. That the husband was not aware of her action in signing the instruments until three or four days after she had done so, and that prior to the filing of the plea of non est factum herein, neither the husband nor the wife ever notified plaintiff she had no authority to sign the instruments and that he (the husband) would not be bound thereby.

The court also found that the debt or obligation was not such "as would be binding

upon the defendant J. L. Hatley, her husband".

■■ The note in suit was given in extension of an antecedent debt. The transaction is still between the original parties. No rights or equities of innocent third parties have accrued. The appellant concedes the general rule to be that "Mere silence or delay on the part of a principal in repudiating the unauthorized act of an agent does not necessarily amount to a ratification" etc. 2 C.J. p. 504, § 124; 2 C.J.S., Agency, § 57. The trial court specifically found against ratification on the part of J. L. Hatley, and this court cannot say from the "findings of fact" that the trial court's judgment is erroneous. That is, this court cannot say that it affirmatively appears from the record that the trial court decided the case upon an erroneous conclusion of law. 3 Tex.Jur. p. 525, §§ 371, 373; p. 424, § 302. For the above reasons, and since the findings of the trial court are not challenged in the light of a statement of facts presented in this court, the judgment of the trial court is affirmed.