Melvin McCOLLUM

v.

**RED RIVER VALLEY PUBLISHING COMPANY.**

No. 7125.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 20, 1961.

Rehearing Denied Dec. 18, 1961.

Mullinax, Wells, Morris & Mauzy, Dallas, for appellant.

Joe A. Keith and Frank R. Roark, Jr., Sherman, Gullett & Gullett, Denison, for appellee.

DENTON, Chief Justice.

This suit was instituted by appellant, Melvin McCollum, against the Red River Valley Publishing Company, appellee, to recover damages resulting from an alleged libelous article appearing in appellee's newspaper, "The Sherman Democrat," on October 24, 1959. A jury was duly empaneled and heard testimony from both parties. At the close of the evidence the trial court overruled appellee's motion for a peremptory instruction. Thereupon the court's charge, which included three special issues and various instructions, was read and delivered to the jury. The record reveals one of the special issues was answered by the jury. The jury found the language appearing in the article in question was published with actual malice toward the plaintiff. The two remaining issues concerning actual and exemplary damages were unanswered. The trial court then discharged the jury and rendered judgment for the appellee, holding as a matter of law that the published article was not libelous. The record does not contain a statement of facts.

▇ The case was tried to a jury, but was withdrawn from the jury by the trial court. The trial court, in response to appellant's request, filed detailed findings of fact and conclusions of law. Appellee has come forward with five counterpoints which take the position in effect that these findings and conclusions are surplusages and are of no legal significance. We are convinced this contention is correct. Ditto v. Ditto Investment Co. 158 Tex. 104, 309 S.W.2d 219; Fancher v. Cadwell, 159 Tex. 8, 314 S.W.2d 820; Cox v. Rhodes, Tex.Civ.App., 233 S.W.2d 924 (no writ history); Willis v. Snodgrass, Tex.Civ.App., 302 S.W.2d 706 (refused n. r. e.). In the Ditto case, supra,

the trial court discharged the jury and entered a take nothing judgment in favor of the defendant as was done in the instant case. There the trial court also filed findings of fact and conclusions of law without objections. In that case Justice Smith used the following language [158 Tex. 104, 309 S.W.2d 220]:

> "The filing of such findings and conclusions was neither necessary nor proper. There is no authority for the filing of findings of fact and conclusions of law under the circumstances we have here."

The cases cited above are controlling here. We will therefore consider this case on appeal in light of the record as though no findings of fact or conclusions of law had been filed by the trial court.

The original transcript contained the pleadings, appellee's motion for peremptory instructions, the judgment, and the findings and conclusions referred to above. This court granted a motion by appellant to file a supplemental transcript which contained the trial court's charge, requests for admissions and the reply to the requests for admissions.

Although we have previously held the findings of fact and conclusions of law have no proper place in this record, we will refer to them only for the purpose of determining the theory upon which the trial court discharged the jury and entered judgment for the appellee. Fancher v. Cadwell, supra. From such findings and conclusions it is apparent the trial court found the article read in its entirety was substantially true; that the headline standing alone was not libelous because it did not identify any person; that the article itself sufficiently explained the headline, and that the article's contents were substantially true; and concluded the article in its entirety was not libelous as a matter of law.

▇ Appellant's first four points of error in effect complain of the trial court holding

the article was not libelous. These points deal with an alleged erroneous conclusion of law as distinguished from procedural or evidentiary matters. We therefore conclude we are required to review these four points of error despite the absence of a statement of facts. Lane v. Miller & Vidor Lumber Co., Tex.Civ.App., 176 S.W. 100 (error refused); Gates v. Union Terminal Co., Tex.Civ.App., 295 S.W. 939 (refused), 3 Tex.Jur.2d, Secs. 448 and 449. The article together with its headline under consideration appears in the appellant's pleadings and the requests for admissions. It reads as follows:

"Burglar Nabbed At Victim's Reception

"Whitewright—Melvin McCollum, 44, of Amarillo, attended a gala grand opening of the new Edwards Chevrolet Co. building here Friday night, but was unexpectedly called away—to jail.

"McCollum has been charged with the Sept. 21 burglary of the Whitewright firm. About $600 cash and 16 tires valued at $600 were taken in the burglary the night Edwards moved his stock into the new building.

"Deputy Sheriff Jim Spaugh spent two days staked out at Greenville waiting for him to show up there. But McCollum never went to the Greenville address where he was expected.

"Friday night McCollum boldly returned to Whitewright and attended the open house at Edwards new location. Carl Edwards, owner, spotted the man and called Spaugh. The Sheriff came immediately to Whitewright and took McCollum in custody. McCollum was still being questioned about the burglary Saturday. He has made no statement, Spaugh said."

■ It is well settled that on appeal from a judgment on an instructed verdict or one rendered by the court after the dismissal of the jury, the rule is that in determining whether it is proper to instruct a verdict, the appellate court must review the evidence in the light most favorable to the losing party and must indulge against the instruction every inference that may be drawn from the evidence. Dunagan v. Bushey, 152 Tex. 630, 263 S.W.2d 148; Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725; White v. White, 141 Tex. 328, 172 S.W.2d 295.

■ We must therefore apply this rule of law in the light of the record before us. The record contains no statement of facts and as the trial court's findings and conclusions were not properly filed, the latter's contents can not be considered on this appeal. We are now called upon to decide the question whether or not appellant's requests for admissions and appellee's reply thereto are properly before this court for consideration. In the absence of a statement of facts we are unable to determine whether or not the requests for admissions and reply were formally introduced into evidence. The record does reveal they were filed of record in the clerk's office in accordance with the 1950 Amendment to Rule 169. Assuming, as we must, that the admissions were not formally introduced, we are nevertheless of the opinion the admissions are properly a part of this record for our consideration. Fuller Nurseries & Tree Service v. Jones, Tex.Civ.App., 253 S.W.2d 946 (no writ history); Kansas City Title Insurance Co. v. Atlas Life Insurance Co., Tex.Civ.App., 336 S.W.2d 204 (no writ history). The Fuller case, supra, squarely passes on this point. There the court held [253 S.W.2d 947]:

"For us to give the rule (Rule 169) the meaning attributed to it by appellant would require us to hold that before the admissions could have any effect as such they must be formally introduced in evidence at the trial, and thus require that issues already litigated and determined by the request for admissions and the reply, and about which there is no controversy, must again be determined by a finding of the trial court as to the truth or fal-

sity of the admissions. Such is not the purpose of the rule."

We think this conclusion conforms to the basic purpose of Rule 169 which is to simplify the trial of a case by eliminating uncontroverted matters. Sanders v. Harder, Tex., 227 S.W.2d 206.

We must therefore look to the newspaper article in light of the pleadings and admissions only to determine the propriety of the trial court rendering judgment for appellee. The admissions filed by appellee admit appellee is a private corporation, incorporated under the laws of Texas; that it owned and published "The Sherman Democrat" on the day in question; that that particular edition was widely distributed; that it contained the article complained of; that the newspaper was sold and delivered to hundreds of subscribers in Grayson County and adjoining counties; that the article in question appeared on page one of the newspaper on the particular date; and it was written by appellee's agents, servants and employees; that appellee intended that its readers who read the article should rely upon it as being true; and that no retraction of the article had been published. Appellee denied that no subsequent article to the one complained of had been published.

These admissions constitute all of the evidence in the record to be considered. We must therefore look only to them to determine the basic question before us: whether or not the trial court erred in rendering judgment for appellee. To briefly summarize this evidence before us: the article itself appears of record; it was published by appellee and written by its agent; it was widely distributed; and appellee intended for its readers to rely on the article as being true. We think appellee's pleadings are sufficient to identify this appellant as being the person referred to in the article.

■ In view of appellee's general denial in addition to special denials, the burden of proof was upon plaintiff below to establish by competent evidence every fact necessary to establish his cause of action. It is apparent the record is absolutely void of any evidence as to the truth or falsity of the article. There is no evidence as to any damages, if any, suffered by appellant, and there is no evidence upon which to determine whether the article was a reasonable and fair comment on this matter of public concern published for general information. Thus we are not in a position to determine whether the article was privileged under Art. 5432, Vernon's Ann.Civ.St. We can not say the article presents a case of libel per se in view of the lack of evidence concerning the truth or falsity of the article. Under the limited evidence before us, viewed in the most favorable light to appellant, we can not say the evidence would support a judgment contrary to that rendered by the trial court. Adams v. A. A. Paton & Co., Tex.Civ.App., 173 S.W. 546 (no writ history); Moreman v. Armour & Co., Tex.Civ.App., 65 S.W.2d 334 (error refused), 4 Tex.Jur.2d, Sec. 756, pages 259 and 260. Appellant's points of error Nos. 1 through 4 are therefore overruled.

■ The last two points of error contend fact issues were presented for the jury's consideration as to whether or not the article described appellant as a burglar, and whether he was described as the one who burglarized the motor company. In order to justify the submission of a special issue to the jury, the issue must be raised both by pleadings and evidence. Rule 277, Texas Rules of Civil Procedure. These points of error are of such a nature as to require a review of the evidence. There being no statement of facts, we have no basis for passing on such points of error. Sigmund Eisner Co. v. Sol Frank Co., Tex. Civ.App., 70 S.W.2d 465 (no writ history); Adcock v. Hatley, Tex.Civ.App., 162 S.W. 2d 1017 (no writ history), 3 Tex.Jur.2d 696.

The judgment of the trial court is accordingly affirmed.