Horton B. DOBSON et ux., Appellants,

v.

DON JANUARY ROOFING CO., Inc.,
Appellee.

No. 132.

Court of Civil Appeals of Texas.

Tyler.

June 3, 1965.

Rehearing Denied July 8, 1965.

Larry L. Gollaher, Thompson, Coe, Cousins & Irons, Dallas, for appellants.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellees.

SELLERS, Justice.

Horton B. Dobson and wife brought this suit to recover $25,000.00 damages as a result of fire damage to their home against Don January Roofing Co., Inc. The plaintiffs' petition alleges that they contracted with Don January Roofing Co., Inc., to replace the roof on their home and further alleges the work was being done by one Harry J. Sellars, the defendant's employee, on August 20, 1962; that said employee, while working on the roof and while acting within the course and scope of his employment by the defendant, caused and started a fire which practically destroyed the plaintiffs' residence to their damage as herein set out:

"Harry Sellers, Defendant's employee, while acting within the course and scope of his employment, was negligent in some or all of the following respects, each of which was a proximate cause of the Plaintiffs' damage, to wit:

(1) In smoking while repairing or replacing a wood shingle roof;

(2) In allowing hot cigarette ashes to fall upon the Plaintiffs' roof;

(3) In allowing hot cigarette ashes to fall into the Plaintiffs' attic;

(4) In replacing new shingles over the area where hot cigarette ashes had been previously dropped;

(5) In failing to maintain an adequate watch and lookout of the premises for a reasonable time after repairing the roof while smoking.

"As a proximate cause of the above negligence, Plaintiffs' residence caught fire and the roof attic and supporting members were damaged and destroyed, the complete interior of the residence was damaged, carpeting was destroyed, furniture, clothing and personal property was damaged, shrubbery was burned, and the Plaintiffs' home and residence was unoccupiable for three months thereafter, all to the Plaintiffs' damage in the amount of $25,000.00."

The defendant answers by general denial.

The defendant filed a motion for summary judgment and attached the following affidavit of Harry J. Sellars:

"On August 20, 1962, I was employed by January Roofing Co. and working alone on a roofing job at 4833 Irvin Simmons in Dallas, Texas. I was not using any flammable materials which could cause a fire. During that day I smoked a few cigarettes, but I did not drop any on the roof or into the attic or house, and I did not start a fire. Furthermore, I did not drop on the roof any coals, hot or live ashes.

"During the time I worked on the job at the above address, I was on the roof at all times and never went into the house or attic.

"As it was too hot to work on the roof all day, I quit work for the day on the above date at about 1:00 P.M. during the whole time I was there, I I neither saw nor smelled any smoke."

The evidence of Mrs. Dobson, who was at home when the fire broke out, says that the fire occurred about 2 o'clock p. m., and that she heard hammering on the roof about 15 minutes before her attention was called to the fire; that all the electric appliances in the house were working properly and that she smelled no smoke inside the house before her attention was called to the fire which was on the roof about where Sellars was repairing the same.

The court, after several hearings on the motion for summary judgment, granted the same, to which the plaintiffs duly excepted and gave notice of appeal, and the case is properly before this court.

The appellants assign four errors of the trial court, as follows:

### "Point One

"The Trial Court erred in rendering summary judgment for the Defendant solely on the basis of witness Sellars' affidavit, since that affidavit was made by an interested witness and was inconclusive.

### "Point Two

"The Trial Court erred in rendering summary judgment for the Defendant because the summary judgment evidence demonstrated that there was a genuine issue as to the credibility of witness Sellars' affidavit testimony.

### "Point Three

"The Trial Court erred in rendering summary judgment for the Defendant because the Plaintiffs proved by competent summary judgment evidence that they had a prima facie circumstantial case against the Defendant.

### "Point Four

"The Trial Court erred in rendering summary judgment for the Defendant because Plaintiffs presented a good faith circumstantial negligence case which was not patently unmeritorious."

■ We recognize the general rule complained of by appellants in their first two assignments that the evidence of an interested witness does no more than raise an issue of fact to be determined by the jury; however, the rule is not without exceptions, and in our opinion the exceptions would have application in this case. We will not further discuss this question due to our disposition of appellants' other two assignments.

The other two assignments raise the question that the circumstantial evidence presents an issue of fact for the jury's determination. In determining this question, this court has examined the appellants' pleadings to determine if cause of action has been alleged against the appellee. The sole grounds of recovery against appellee is that of negligence of its employee, Sellars, in smoking while discharging his duties for which he was employed. His duties were to cover the roof of appellants' house for his employer.

■ In the recent case of Mitchell v. Ellis, Tex.Civ.App., 374 S.W.2d 333, writ of error refused by the Supreme Court, we find this rule laid down:

> "For an act to be in the course and scope of a servant's employment it is necessary that, (1) it be done within the scope of the general authority of the servant, (2) in furtherance of the master's business, and (3) for the accomplishment of the object for which the servant is employed."

When this rule is applied to appellants' petition, we are driven to the conclusion that it wholly failed to allege that the negligence complained of by Sellars was committed while in the course and scope of his employment. The above case contains the further language:

> " 'When a servant turns aside, *for however short a time*, (emphasis added) from the prosecution of his master's work, and engages in the doing of an act not in furtherance of the master's business, but to accomplish some purpose of his own, the relation of master and servant is temporarily suspended, and the master is not liable for the servant's acts during the period of that suspension. A servant who turns aside from the master's work to engage in an affair of his own ceases to act for the master and responsibility for what the servant then does in pursuing his own business or pleasure rests on himself alone.' 38 Tex.Jur.2d, pp. 512, 513, § 252 and authorities cited. Southwest Dairy Products Co. v. De Frates, 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854; Williams v. Roney, Tex.Civ.App., 275 S.W.2d 537, writ ref., n. r. e."

The case of Feeney v. Standard Oil Co., 58 Cal.App. 587, 209 P. 85, was a cigarette case, and we find this language:

> "Under the rule thus declared it seems clear that the defendant is not responsible for McDonald's negligent act in dropping the lighted match into the gasoline. The lighting of the cigarette was no part of the transaction of the defendant's business. It was an independent act for McDonald's personal enjoyment. It occurred during the time of his transaction of the defendant's business, but was no part thereof and was not in the course of his employment."

We are cited by appellee to this rule in Restatement of Agency 2d, Sec. 235:

> "An act of a servant is not within the scope of employment if it is done with no intention to perform it as a part of or incident to a service on account of which he is employed."

One of the illustrations applying the above rule is as follows:

> "A, while driving as chauffeur for P, negligently throws his lighted cigarette from the window of the car into a passing load of hay, not intending to ignite it, but careless as to where the cigarette falls. P is not liable for this act."

In view of the foregoing authorities, we are of the opinion that the petition of appellants wholly fails to state a cause of action against the appellee, and their last two assignments of error are over-ruled.

The judgment of the trial court is affirmed.