ROADWAY EXPRESS, INC., Appellant,

v.

NATURALITE, INC., Appellee.

No. 4258.

Court of Civil Appeals of Texas.

Eastland.

Nov. 27, 1968.

Rehearing Denied Jan. 3, 1969.

Edward E. Crowell, Jr., Dallas, for appellant.

Johnson, Bromberg, Leeds & Riggs, J. Richard Gowan and Lawrence R. Taylor, Dallas, for appellee.

COLLINGS, Justice.

Naturalite, Inc., brought suit against Roadway Express, Inc., to recover for alleged damages to a freight shipment consisting of 4 cartons of special darkening window shades, one carton metal screws and one package of metal rods, as described in the Bill of Lading attached to plaintiff's petition. Plaintiff alleged that such property was delivered by plaintiff to defendant in sound and good condition and was carried by the defendant in interstate commerce from Dallas for delivery to consignee, Prober's, Inc., at Claymont, Delaware; that defendant tendered said goods to Prober's, Inc. at such destination in an obviously damaged condition and for that reason Prober's, Inc., refused to accept same and notified plaintiff that the merchandise was damaged and because of such damaged condition such goods were totally worthless and had no value. Plaintiff further alleged that if such merchandise had been delivered to consignee in good condition plaintiff would have received $1748.00 from the consignee, who had agreed to pay such amount therefor which was the reasonable market value of such merchandise in Claymont, Delaware at the time in question; that the darkening window shades were not of standard dimensions but had been specially made by plaintiff to the dimensions and specifications of the consignee and by reason of this fact and the damaged condition of the

merchandise it was worthless and had no market value in Claymont, Delaware.

The defendant Roadway Express, Inc., denied the allegations of plaintiff's petition and alleged that any damage to the goods in question was caused by packaging at the time the goods were delivered to defendant for shipment, and that any damage thereto was the result of improper packaging or other improper methods used by plaintiff.

Plaintiff, Naturalite, Inc., filed a motion for summary judgment based upon its pleadings, affidavits, exhibits, and a deposition filed in support thereof. The defendant replied to the motion for summary judgment asserting that the motion should be denied because plaintiff by such motion, accompanying affidavits, exhibits and deposition wholly failed to eliminate the existence of genuine issues of fact in the case. The defendant did not file any controverting affidavits or other proof disputing the affidavits and proof of plaintiff.

The trial court rendered partial summary judgment for plaintiff on the issue of carrier liability and thereafter tried as a non-jury case the question of the amount of the damages. After the trial, judgment was rendered for the plaintiff for $1748.00, plus 6% interest from the date of the judgment and $525.00 as attorney's fees. Roadway Express has appealed.

In appellant's first three points it is contended that the court erred in granting appellee's motion for summary judgment because the motion was not supported by proper proof as required by Rule 166–A, Texas Rules Civil Procedure; that the motion, supporting affidavits and deposition failed to eliminate genuine issues of material fact but on the contrary showed the existence of material fact issues. These points are not well taken.

■ The essential requirement of appellee's right to a summary judgment on the question of carrier liability was to prove (1) that the merchandise in question was delivered to appellant in good condition and (2) that such goods were delivered or tendered to the consignee at the destination of the shipment in a damaged condition. Missouri Pacific Railroad Co. v. Elmore & Stahl, 377 U.S. 134, 84 S.Ct. 1142, 12 L. Ed.2d 194. Appellant contends that appellee did not meet this burden. Appellee sought to establish such necessary requirement by the affidavits of three of its employees, by the recital in the attached Bill of Lading issued by appellant and by the deposition of Mr. Leonard Prober of Prober's, Inc. We are of the opinion that the deposition of Mr. Prober which is undisputed proves that the goods were in a damaged condition at the point of destination. The remaining question is whether appellee proved that the merchandise was received by appellant carrier in Dallas, Texas, in good condition.

■ Appellee contends that the affidavits of its three employees together with the Bill of Lading issued by appellant show that the merchandise was delivered to appellant in good condition. These affidavits recited that each affiant had personal knowledge of the statements contained in their affidavits; that appellee manufactured the merchandise in question for Prober's, Inc. at a contract price of $1748.00; that appellee properly packaged said merchandise in cartons and delivered same to appellant in Dallas, Texas in good condition for shipment to Prober's, Inc. in Claymont, Delaware; that appellant acknowledged receipt of the merchandise and issued its Bill of Lading therefor; that thereafter appellee was advised by Prober's, Inc., that the shipment had been damaged in transit and that Probers was therefore refusing to accept the merchandise. Without question, appellee's employees were interested witnesses. The general rule is that the testimony of an interested witness does no more than raise an issue of fact. Dobson v. Don January Roofing Company, 392 S.W.2d 153 (CCA, 1965, ref. n. r. e., Sup.Ct., 394 S.W.2d 790).

■ The recital in the Bill of Lading was that the goods were received "in apparent good order except as noted (contents and condition of contents of packages unknown.)" Appellee contends that the Bill of Lading, itself, with the noted recitation makes out a prima facie case that the merchandise was received by appellant in good condition, and together with the proof that the merchandise was in damaged condition at the point of destination, established appellee's right to a summary judgment on the issue of carrier liability. In support of this contention appellee cites Yeckes-Eichenbaum, Inc. v. Texas Mexican Railway Company, 263 F.2d 791, certificate denied 361 U.S. 827, 80 S.Ct. 75, 4 L.Ed.2d 70.

The above cited case was a suit by a shipper against the railway company for a breakage claim and resulting damages to fruit packaged in crates. The recital in the Bill of Lading concerning the condition of the merchandise when received by the carrier was the same as in the instant case. It was held by the Federal Appellate Court that the introduction by the shipper of the Bill of Lading together with proof that when the shipment arrived at its destination there was crate breakage resulting in damage to the fruit made out a prima facie case for the shipper which could be overcome only by proof to the contrary. The holding in the cited case supports the summary judgment rendered in this case.

■ We agree with appellant's contention that the recital in the Bill of Lading that the merchandise was received "in apparent good order except as noted (contents and condition of contents of packages unknown)", does not of itself establish the good condition of crated and boxed goods at the time of receipt by a carrier. Such language standing alone obviously refers primarily to the condition of the exterior of the crate. However, when there is also proof of damage to the crates at the point of destination which reveals damage to the crated merchandise as in Yeckes-Ei-chenbaum, and in the instant case, it is held to be proof that such merchandise was delivered to the carrier in good condition and that the damage discovered at the point of destination occurred during the period of shipment. Such proof can be overcome only by proof to the contrary. See 33 A.L. R.2d at pages 872 et seq. In the instant case the proof presented by appellee shows that Mr. Leonard Prober, by deposition, when asked concerning the condition of the shipment at the point of destination stated that "—the forms and shades were still in the large crates but I could see even then that they were damaged." Mr. Prober further stated that at that time the metal frames were all bent and that it would be impossible to straighten them out. These facts and circumstances prove that the damage to the merchandise occurred in transit. Appellant presented no proof to the contrary. We overrule appellant's first 3 points in which it is contended that the court erred in granting appellee's motion for summary judgment on the issue of carrier liability.

After appellee's motion for summary judgment on carrier liability was granted the court tried the severed issue of damages. After hearing the evidence it was found by the court that the reasonable market value of the shipment in question at the time it was delivered to appellant was $1748.00; that the shipment when tendered for delivery at the point of destination was in a damaged condition and was not accepted by the consignee; that because of the damaged condition of such merchandise and the special size and specifications the entire shipment was worthless and that appellee sustained a loss of $1748.00. The judgment rendered was based on these findings. In appellant's 4th and 5th points it is contended that the court erred in entering the judgment for appellee on the basis of such findings because there was no evidence or insufficient evidence to support same.

By the undisputed evidence and appellee's admission only a portion of the shipment

was damaged. There was, however, evidence to the effect that the darkening window shades in question were specially built according to the specifications of Prober's, Inc. and were not of a standard size or dimension. The evidence shows that Prober's, Inc., had contracted to pay appellee $1748.00 for the shipment and that the reasonable market value of the shipment, if it had been delivered in good order in Claymont, Delaware was $1748.00; but, that because of its damaged condition Prober's refused to accept the shipment and the contract price was not paid to appellee. There was evidence to the effect that there was no market for such darkening shades of a nonstandard size, and when they were not accepted by Probers for installation in the specific project for which they had been ordered, such shades did not, at that time, have any market value in Claymont, Delaware.

It is held that a carrier is liable to the holder of a Bill of Lading for the full actual loss, damage or injury to property caused by the carrier, and that the measure of damages is the difference between the market value of the shipment at destination, if it had arrived in good condition, and the market value of the shipment in the condition in which it arrived. Thompson v. H. Rouw Co., 237 S.W. 2d 662, (CCA, 1951, ref. n. r. e.); Jancik v. Thompson, 241 S.W.2d 639, (CCA, 1951, ref. n. r. e.); Interstate Commerce Act, Section 20(11); 49 U.S.C.A. Section 20 (11). We overrule appellant's points complaining of the lack and insufficiency of the evidence. The evidence amply supports the finding that because of the damaged condition of the merchandise appellee sustained a loss of $1748.00. The court did not err in rendering judgment for appellee for such damages to the shipment plus 6% interest from the date of judgment.

We sustain appellant's 6th point to the effect that the court erred in rendering judgment in favor of appellee for its attorney's fees. Thompson v. H. Rouw Co., supra.

The judgment is, in all things, affirmed except insofar as it granted appellee recovery for its attorney's fees, which portion of the judgment is reversed and rendered for appellant.