DEAN, ROY E., Associate Judge.
Appellee filed its complaint in January 1971. The Complaint alleges delivery of forty-six cartons, containing twenty-six steel buildings, by Appellee to Appellant, in good condition, at Shreveport, Louisiana, and the attempted re-delivery of the cartons at Tampa, Florida, in damaged condition. Appellee manufactured these steel buildings and shipped them, unassembled in cartons (two cartons for one building), to a J. C. Penney’s Store in Shreveport, Louisiana. Penney’s, after holding these cartons from sixty to ninety days, being overstocked, returned the cartons to Appellant for shipment to Tampa, Florida.
The cartons were taken by Appellant on a standard bill of lading, or waybill, that recited the shipment was “received in good condition except for noted (contents and conditions of contents unknown).”
A copy of the bill of lading was introduced as evidence at the trial as to the condition of the shipment at the time of receipt by the carrier in Shreveport. No exceptions were noted on the bill of lading.
Appellee refused the shipment in Tampa, and Appellant kept the boxes in storage. After proper notice to Appellee, Appellant sold the shipment at public sale and realized $350.00 from the sale. Appellant applied the proceeds to its freight charges of $274.40 and its storage charges of $1,110.-00.
Appellee instituted this action to recover breakage damages and costs, and Appellant counterclaimed for freight and storage charges in excess of the proceeds from the public sale.
The trial court dismissed the counterclaim, with prejudice, and entered judgment for Appellee, finding that Appellee had established a prima facie case and Appellant had failed to rebut.
Appellant contends that the Ap-pellee did not establish a prima facie case for recovery because the testimony does not *601 support the claim of damage'to the contents of the cartons, and we agree. The testimony presented by Appellee was that the cartons were damaged to some extent, but there was no adequate testimony that the contents of the cartons were in any way damaged. In fact, there was testimony presented by the Appellant that the contents of at least two cartons were not damaged. None of the witnesses for Ap-pellee inspected the contents, and, at most, assumed that because the cartons were damaged, the contents must be damaged. To recover for damage, during transportation, to a shipment, the Plaintiff has the burden of proving that the shipment was delivered to the carrier in good condition and that the shipment was delivered by the carrier at destination in a damaged condition. E. M. G. Leather Arts, Inc. v. Central Truck Lines, Inc., 165 So.2d 203 (Fla.App.1964). The Court in Reider v. Thompson, 197 F. 2d 158 (5th Cir. 1952), a case relied on by both Appellant and Appellee, states:
“ . . . however, when packages are received by the carrier in acknowledged good external condition but are delivered by the carrier in a damaged or stained condition which could reasonably and logically be found to indicate that the discovered damage or deterioration of the contents resulted from the cause indicated by the condition of the external package, theretofore received in good condition, the trier of facts may infer from these circumstances that damage to the contents was occasioned by the negligence of the carrier in the respect indicated by the changed external condition of the package. ‘The outturn itself’ may be considered as evidence.” (Page 161) (Italics supplied)
Similar language is found in Roadway Express, Inc. v. Naturalite, Inc., 435 S.W. 2d 555 (Tex.Civ.App., 1968).
We have no quarrel with the above quoted language and hold it to be a proper statement of the law governing this case.
The testimony in this case shows that the cartons were received by the carrier at Shreveport in good condition and delivered at Tampa in poor condition, ergo: the cartons were damaged en route from Shreveport to Tampa. There is no evidence that the contents of the cartons were damaged, and there was some evidence that the contents of two packages were used to assemble a building with no difficulty, there being no damage to the contents of the two cartons.
Appellee does not give full effect to the language of the Reider and Roadway Express cases. There must be three factual elements proved in the instant case to give effect to the holdings in those cases. (1.) Initial good condition of the cartons when received by the carrier (no inspection of contents). (2.) Damaged condition of the cartons upon delivery by the carrier. (3.) Damage to the contents. If the proof shows the cartons are in good condition at receipt and bad condition on delivery and the contents are found to be in a damaged condition on delivery, “ . . . it is held to be proof that such merchandise was delivered to the carrier in good condition and that the damage discovered at the point of destination occurred during the period of shipment. Such proof can be overcome only by proof to the contrary.” (Roadway Express, Inc. v. Naturalite Inc., supra). The cases do not stand for the proposition that simply because the cartons were in good condition on receipt and in bad condition on delivery by the carrier it follows that the contents were damaged. There must be evidence that the contents were in fact damaged, and there was no such evidence in this case.
Accordingly, on the basis that Plaintiff below did not establish a prima facie case of damage to the contents of the cartons, we reverse judgment for Plaintiff-Appel-lee, and judgment should be entered for Defendant-Appellant; the award of costs was improper.
*602 The final judgment dismisses the counterclaim, but the record does not disclose why. It is clear that freight charges may be recovered, and were recovered through sale of the goods. Storage charges would be recoverable upon proper proof if they were not incurred as a result of damage by the carrier to the goods. The dismissal of the counterclaim was error. The judgment of dismissal is reversed, and the Defendant-Appellant is entitled to proceed to trial under the counterclaim.
Reversed and remanded.
LILES, Acting C. J., and McNULTY, J., concur.