**RED BALL MOTOR FREIGHT, INC., Appellant,**

v.

**C. Webb DEAN d/b/a Dean's Hardware & Appliance Co., Appellee.**

**No. 1003.**

Court of Civil Appeals of Texas, Tyler.

March 17, 1977.

Rehearing Denied April 7, 1977.

John E. Sharp, Sharp, Ward & Ross, Longview, for appellant.

Thomas R. McLeroy, Jr., Center, for appellee.

McKAY, Justice.

This is a common carrier case. Plaintiff-appellee, C. Webb Dean, doing business as Dean's Hardware and Appliance Company (Dean) brought this suit against Red Ball Motor Freight, Inc. (Red Ball), defendant-appellant, for alleged damage to a television set delivered to Dean by Red Ball on July 16, 1973. Trial was before the court and on June 23, 1976, judgment was rendered for Dean in the amount of $240.06 together with $50.00 attorney's fees and all costs of court. Red Ball filed a Motion for New Trial on June 29, 1976. Thereafter, the trial judge made and filed Findings of Fact and Conclusions of Law pursuant to a request filed by Red Ball. Red Ball duly perfected its appeal.

The facts appear to be as follows: During the early part of July, 1973, Dean ordered from General Electric Corporation, among other items, the television set in question. The set, invoiced by General Electric Corporation to Dean on July 13, 1973, was subsequently shipped from National Stock Yards, Illinois, via East Texas Motor Freight and Red Ball and received by Dean on July 16, 1973. Red Ball, upon receipt of the set, issued a freight bill therefor without exception to the condition of the set or the carton it was packed in. Upon receipt of the shipment, Rodney Dean, son of appellee, signed the freight bill without noting any damage to the television set or the carton it was shipped in. The television set was stored in its carton on Dean's premises from the date of its receipt in July until sometime in December, 1973. At that time, Dean opened the carton containing the television set and discovered that it was damaged. After requesting certain Red Ball drivers to assist him in obtaining redress for the damages and failing to obtain such, Dean notified Red Ball of his claim by letter dated March 22, 1974. Later, on April 16, 1974, Red Ball sent its inspector to survey the damage to the set. The inspector's report indicated "concelled damage [sic] MB 9152 MB Color T.V., cabinet busted [sic] glass around picture tube broken," and that the total amount claimed was $466.00. On April 18, 1974, Dean mailed Red Ball's standard damage claim form to Red Ball in Dallas, Texas, which claim was denied by Red Ball because of dilatory filing. Thereafter, Dean brought this suit.

Red Ball brings four points of error, which essentially complain that the trial court erred in rendering judgment for Dean

because there is no evidence to support the court's findings of fact 1, 2, 3 and 6.

The findings complained of are as follows:

"1. On or about July 13, 1973, Red Ball Motor Freight, Inc., Defendant herein, received one Model MB–9152–M.P. General Electric 25 inch color television set, Serial #LIP–07628, for shipment to C. Webb, Dean,, d/b/a Dean's Hardware & Appliance Co., Plaintiff herein.

"2. Defendant received said television set in good condition.

"3. On July 16th, 1973, said Defendant delivered said television set to Plaintiff in damaged condition.

"6. Plaintiff timely presented his claim for such damages to Defendant but, at the expiration of thirty days thereafter, the claim was not paid or satisfied."

It is well settled that when considering a no evidence point the reviewing court must view the evidence in support of the finding in its most favorable light, considering only the evidence and reasonable inferences to be drawn therefrom which support the finding and rejecting the evidence and inferences contrary to such finding. *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773, 777 (Tex.1975); *Transport Ins. Co. v. Mabra*, 487 S.W.2d 704, 707 (Tex.1972); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

■ The authorities hold that in order to make a prima facie case of liability against a common carrier it is necessary to show that the property shipped was in good condition when delivered to the carrier, that the property was in a damaged condition when received by the consignee from the delivering carrier, and the amount of the damages. *Missouri Pacific Railroad Co. v. Elmore & Stahl*, 368 S.W.2d 99, 101 (Tex. 1963), affirmed 377 U.S. 134, 84 S.Ct. 1142, 12 L.Ed.2d 194 (1964); *Strickland Transportation Co. v. International Aerial Mapping Co., Inc.*, 423 S.W.2d 676, 677 (Tex.Civ.App. —San Antonio 1968, no writ).

■ Admissions made by parties to a suit in response to requests for admissions under Rule 169, T.R.C.P., and filed among the papers in the case need not be introduced in evidence to be properly before the trial court and this court for our consideration. *McCollum v. Red River Valley Publishing Co.*, 352 S.W.2d 144, 146 (Tex.Civ.App.— Amarillo 1961, writ ref'd n.r.e.); Rule 169, T.R.C.P.

"Moreover, the trier of facts is not only the judge of the facts and circumstances proven, but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded if the record discloses any evidence of probative value which, with inferences that may be properly drawn, will reasonably support the same." *Red Arrow Freight Lines, Inc. v. Howe*, 480 S.W.2d 281, 285 (Tex.Civ.App. —Corpus Christi 1972, writ ref'd n.r.e.).

■ With the above rules in mind we will examine the record with respect to Red Ball's no evidence points. Red Ball, in its point one, asserts that there is no evidence to support finding of fact 1. In answer to Dean's request for admissions Red Ball denied that it undertook the carriage of the above described television set "by reason of a lack of sufficient evidence to justify a belief," and denied the set was received by Red Ball in Houston in good condition for the same reason. However, Red Ball admitted that "the container in which the television set above mentioned was packaged was in good condition and without visible defects or damage when received for shipment to Plaintiff in Houston, Texas, by Defendant, Red Ball Motor Freight, Inc." It appears that by the quoted admission Red Ball did in fact receive the described television set by admitting it received the container in which it was packaged. Point one is overruled.

■ Point two complains that there is no evidence to support finding 2, and point three contends that there is no evidence to support finding 3. Red Ball admitted that the container in which the television set was packaged was in good condition and without visible defects or damage when received by Red Ball. Such an admission, like a recital in a bill of lading to the same

effect, relates only to the condition of the outside of the shipping carton, and, of itself, does not establish the good condition of the contents of the carton; nor is such admission, standing alone, evidence as to the actual condition of the goods packed in the sealed container. *Red Arrow Freight Lines v. Howe, supra,* p. 285; *Strickland Transportation Co. v. International Aerial Mapping Co., supra,* p. 678; *Matthews-Carr v. Brown Exp.,* 217 S.W.2d 75, 77 (Tex.Civ. App.—El Paso 1948, no writ).

■ There is authority, however, that where the carton or container is in good condition without any visible damage when it was received by the carrier, and the goods shipped were damaged when received by the shipper, a prima facie case is made. *Red Arrow Freight Lines, v. Howe, supra,* p. 285; *Roadway Express, Inc. v. Naturalite, Inc.,* 435 S.W.2d 555, 558 (Tex.Civ.App. —Eastland 1969, no writ); *Yeckes-Eichenbaum, Inc. v. Texas Mexican Railway Co.,* 263 F.2d 791 (5th Cir. 1959) cert. denied 361 U.S. 827, 80 S.Ct. 75, 4 L.Ed. 70; 13 C.J.S. Carriers § 254d, p. 538.

■ The record reveals that no damage to the carton was detected or noted when delivery was made to Dean, and the carton was not opened for approximately five months after delivery at which time the damage to the television set was discovered. The trial court finding that the television set was damaged when delivered to Dean by Red Ball may not be disturbed on appeal if there is probative evidence to support it. Under the record presented here we must presume, in support of the judgment, that the trial court impliedly found that the television set was in damaged condition when it was delivered as it was found to be when the carton was opened five months later. Rule 299, T.R.C.P.; *DeWitt v. Brooks,* 143 Tex. 122, 182 S.W.2d 687, 694 (1944), cert. denied 325 U.S. 862, 65 S.Ct. 1196, 89 L.Ed. 1983; *Bednarz v. State,* 142 Tex. 138, 176 S.W.2d 562, 563 (1944); *Electro-Hydraulics Corp. v. Special Equipment Engineers, Inc.,* 411 S.W.2d 382, 387 (Tex. Civ.App.—Waco 1967, writ ref'd n.r.e.).

Appellee Dean testified as follows:

"Q. Oh, all right. So between the time that you opened the carton and the time the television set was delivered to you it set in your—set in your warehouse room?

"A. Yes, sir.

"Q. And it just set there in your warehouse there?

"A. Yes, sir.

"Q. And did anything occur from the time the television set was delivered and the time you discovered the damage?

"A. Not really.

"Q. That could cause any of these—

"A. No, it never wasn't moved from when they unloaded it to there. (sic)

"Q. You mean it just sat there and it never was even touched?

"A. Yes, sir. From when they unloaded it."

The quoted testimony indicates that the packaged television set remained unmoved and untouched from the time of its delivery to Dean until the package was opened and the damage discovered. While Dean also testified he had no knowledge of the condition of the set until he uncrated it some five months after it was received, there was some evidence, be it circumstantial or inferential, that the set was damaged when it was delivered to Dean. We cannot say that the trial court erroneously inferred or presumed facts or made deductions unreasonably. We may, in passing on no evidence points, consider only the evidence and inferences therefrom which support the judgment, and we must disregard all evidence and inferences to the contrary. Points two and three are overruled.

■ Red Ball complains in point six that there is no evidence to support finding 6. We are of the opinion, in examining the entire record, that this point is without merit and the same is overruled.

Judgment of the trial court is affirmed.