**Richard DICKERSON et al.,**

v.

**B. W. REEVES et al.**

**No. 5327.**

Court of Civil Appeals of Texas, Eastland.

Oct. 11, 1979.

Rehearing Denied Nov. 1, 1979.

Walter J. Woodman, Shreveport, La., for appellants.

David R. Norton, Bailey, Williams, Westfall, Lee & Fowler, Dallas, for appellees.

DICKENSON, Justice.

The question is whether an employee "deviated" from his employment by lighting a cigarette while working at his regularly assigned job. The employer, Venus Marble Company, is a partnership composed of Richard Dickerson and John Price. B. W. Reeves and Carl McGee owned the property which was damaged by the fire. The jury found that the partnership's employee, Larry Dickerson, "was engaged in the service of Venus Marble Company and in furtherance of its business" at the time of the occurrence. The jury also found that "he was deviating" from the service of Venus Marble Company and the furtherance of its business. The trial court disregarded the finding of deviation under Tex.R.Civ.P. 301 and entered judgment on the remainder of the verdict for the property owners against the partnership and its employee. The partners appeal. We affirm.

If there were evidence to support the jury's finding of deviation, there would be a conflict with the finding that the employee was engaged in the furtherance of the partnership's business. This would require a reversal under the test which is stated in *Little Rock Furniture Manufacturing Company v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, at 991 (1949), as follows:

> [If] one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict.

■ The partners' first point of error controls the disposition of this case. The first point contends that the trial court erred in disregarding the jury's finding that the employee was deviating. We disagree. Under Tex.R.Civ.P. 301 the trial court was authorized to disregard this finding if it "has no support in the evidence." In considering this point we have considered only the evidence and inferences which support the finding of deviation, rejecting the evidence and inferences which are contrary to that finding. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974).

The partners admit that Larry Dickerson was employed by Venus Marble Company and that his duties included the work which he was doing at the time of the fire; however, they argue that Larry deviated from his employment by smoking while he worked. We disagree. Larry was an experienced employee who had gone to work for Venus Marble Company when it was formed. His uncle was one of the partners. Larry was working in the pouring room on October 10, 1974, when the fire occurred. He had been told not to smoke in the pouring room, and there were "no smoking" signs in that room. Larry had used acetone, a flammable substance, to clean wax off the mold where marble dust is poured and mixed with chemicals to manufacture

marble counters and sinks. He had finished cleaning the mold about fifteen minutes before he began to apply a fresh coat of wax to the mold. Larry was smoking at the same time he was waxing the mold. He had not taken a break. He threw a match on the floor, and the fire ignited and spread.

The partners cite *Dobson v. Don January Roofing Co., Inc.*, 392 S.W.2d 153 (Tex.Civ. App.—Tyler), writ ref'd n. r. e. per curiam, 394 S.W.2d 790 (Tex.1965). The Tyler Court held that the roofing company could not be charged with liability for the negligence of its servant "since the smoking of the cigarette by the employee while working was not in the course of his employment." The Supreme Court's per curiam opinion states: "[O]ur refusal of writ of error is not to be regarded as an approval of the holding made the basis of the Court of Civil Appeals judgment."

The Tyler Court's opinion in *Dobson* relies on *Feeney v. Standard Oil Co.*, 58 Cal. App. 587, 209 P. 85 (1922). *Feeney* was overruled by *George v. Bekins Van & Storage Co.*, 33 Cal.2d 834, 205 P.2d 1037 (1949). See also *De Mirjian v. Ideal Heating Corporation*, 129 Cal.App.2d 758, 278 P.2d 114, at 120 (1954).

The Tyler Court's opinion in *Dobson* cites Restatement of the Law, Second, Agency § 235 which states:

> An act of a servant is not within the scope of employment if it is done with no intention to perform it as a part of or incident to a service on account of which he is employed.

It should be noted that one of the illustrations applying that rule is as follows:

> A is delivering gasoline for P. He lights his pipe and negligently throws the blazing match into a pool of gasoline which has dripped upon the ground during the delivery and which ignites. For the resulting harm, P. is subject to liability.

In our case it is acetone, a flammable substance, which was used by the employee in connection with his work for the partnership. The employee negligently threw the match near that flammable substance. The employer is liable. We note that the Restatement of the Law, Second, Agency § 236 states:

> Conduct may be within the scope of employment, although done in part to serve the purposes of the servant or of a third person.

█ This rule includes the situation, as here, in which the employee, while engaged in his master's work, is at the same time accomplishing a purpose of his own, such as lighting a cigarette while working.

The Restatement of the Law, Second, Agency § 230 states:

> An act, although forbidden, or done in a forbidden manner, may be within the scope of employment.

A master cannot avoid responsibility to third parties for the negligence of his servant by telling him to act carefully. See *Bass v. Metzger*, 569 S.W.2d 917, at 924 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.), and authorities cited therein.

See also "Annotation, Master's Liability for Fire Allegedly Caused by Servant's Smoking," 20 A.L.R.3d 893 (1968).

We decline to follow the holding of the Tyler Court in *Dobson*.

The partners also cite *Robert R. Walker, Inc. v. Burgdorf*, 150 Tex. 603, 244 S.W.2d 506 (1951). In that case it was clear that the employee "had stepped aside from his duties" and that the act of throwing a lighted match into a stream of gasoline "was something wholly disconnected from his employment." *Burgdorf* is not applicable to the facts of this case.

Appellees cite *McAfee v. Travis Gas Corporation*, 137 Tex. 314, 153 S.W.2d 442 (1941), where an employee struck a match to light a cigarette while he was inspecting a gas pipe line which was leaking gas into the air, causing an explosion which injured the plaintiff. Our Supreme Court stated:

> It is the settled law of this State that, in a negligence action, in which the defendant's liability to the plaintiff depends upon proof of master and servant rela-

tionship between the defendant and a third person, such relationship is prima facie established by showing that the alleged servant was performing services peculiar to the defendant's business or affairs on or about the latter's property.

. . . if Joe Woods was an agent or servant of Travis Gas Corporation acting within the scope of his employment in inspecting or examining this pipe line, his act in striking the match which caused this explosion would be directly chargeable to the pipe line corporation.

Since Larry Dickerson was acting in the course of his employment while waxing the mold, his act of striking the match which caused the fire is chargeable to the partnership by which he was employed. He had not taken a break or turned aside from his job. He was smoking while he worked.

The other points of error have been considered, and they are overruled. The judgment of the trial court is affirmed.