Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

## MEMORANDUM OPINION

No. 04-08-00520-CV

Baron C. **CLARK**, Appellant

v.

Carlos **PORTER**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2002-CI-03220
Honorable Peter Sakai, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:    August 26, 2009

AFFIRMED

Appellant Baron C. Clark, the plaintiff below, appeals from a take-nothing judgment rendered against him in a commercial breach of contract suit. Because we conclude the trial court's pretrial granting of a motion for judgment was not error in light of deemed admissions, and the trial court did not err in denying Clark's motion for sanctions and assessing costs against Clark, we affirm the trial court's judgment.

## BACKGROUND

On March 2, 2002, Centerview Professional Building, L.P., sued appellee Carlos Porter for breach of a commercial lease contract.[1] Porter answered, and filed counterclaims against Centerview and Clark. Eventually, Porter's counterclaims were settled and non-suited, and Clark was substituted for Centerview.

Porter sent Clark twenty-nine requests for admissions. Clark did not timely respond to these requests. Later, Clark maintained that he had responded to the requests for admissions, albeit more than six months after the responses were due. Porter moved for summary judgment based on the deemed admissions.

Trial on the merits was set for April 7, 2008. Before the bench trial began, the trial court considered and denied Porter's summary judgment motion, and struck Clark's purported response to the requests for admissions as untimely. Porter then moved for judgment based on the deemed admissions. The trial court granted the motion for judgment and rendered a take-nothing judgment in favor of Porter.

The trial court made findings of fact, including the following:

4.      On or about September 17, 2003, Requests for Admissions were sent to the Plaintiff.

5.      Baron Clark attached a copy of <u>unsigned</u> and <u>undated</u> Responses to Request[s] for Admission[s] as Exhibit G to his Plaintiff's Response to Defendant's Response to Defendant Carlos Porter's Motion for Sanctions and Motion to Show Authority/Dismiss filed on April 7, 2004.

6.      Baron Clark attached a copy of <u>unsigned</u> and <u>undated</u> Responses to Request[s] for Admissions as Exhibit C to his Plaintiff's Response to Motion for Summary Judgment filed on March 28, 2008.

---

[1] The lease, which designates Centerview Professional Building, L.P. as the landlord, is signed by Baron C. Clark. Clark is Centerview's managing partner and registered agent.

7.      No certificate of service appears on the alleged responses to requests for admissions.

8.      Baron Clark could present no proof that he timely responded to the Requests for Admissions directed to the Plaintiff by the Defendant.

The trial court also made conclusions of law, including the following:

2.      Baron C. Clark failed to timely respond to Request[s] for Admissions and the admissions were deemed admitted.

3.      The deemed admissions dictated judgment in favor of the Defendant.

## ARGUMENTS PRESENTED

On appeal, Clark's primary complaint is that the trial court erred in granting Porter's motion for judgment and using the deemed admissions to bar his breach of contract claim. Clark also complains the trial court erred in denying his motion for sanctions and in assessing costs against him. Although Clark raises other complaints, our opinion is limited to the issues necessary to the final disposition of this appeal. *See* TEX. R. APP. P. 47.1. (stating appellate courts must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to the final disposition of the appeal).

## MOTION FOR JUDGMENT/DEEMED ADMISSIONS

Clark's complaint about the motion for judgment focuses on the timing of the motion, which he asserts was premature. In a bench trial, a judge may grant a motion for judgment, which is the legal equivalent of a directed verdict in a jury trial. *See Qantel Business Sys.,Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303 (Tex. 1988); *Bledsoe Dodge, L.L.C. v. Kuberski*, 279 S.W.3d 839, 841 (Tex. App.—Dallas 2009, no pet.). Ordinarily, a directed verdict should not be granted against a party before the party has a had a full opportunity to present its case and has rested. *Tana Oil & Gas Corp. v. McCall*, 104 S.W.3d 80, 82 (Tex. 2003). In fact, it is generally reversible error for the trial court

to direct a verdict without allowing the plaintiff to present all of its evidence. *Wedgeworth v. Kirskey*, 985 S.W.2d 115, 116 (Tex. App.—San Antonio 1998, pet. denied). However, in at least one instance, the Texas Supreme Court has held that the granting of a directed verdict before the close of plaintiff's evidence did not require reversal when no harm was shown. *See Tana Oil & Gas*, 104 S.W.3d at 82 (holding that directed verdict granted during first witness's testimony was "irregular" but not error because proof of all claims would still not entitle plaintiffs to the only damages sought).

Important to our analysis in this case is the existence of deemed admissions. Under Texas Rule of Civil Procedure 198.1, a party may serve on another party written requests that the other party admit the truth of any matter within the scope of discovery. TEX. R. CIV. P. 198.1. The responding party must serve a written response on the requesting party within 30 days after service of the request. TEX. R. CIV. P. 198.2 (a). Absent a timely response, the matter in the request is considered admitted without the necessity of a court order. *Id*. 198.2(c). "A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." TEX. R. CIV. P. 198.3. Thus, unanswered requests for admissions are automatically deemed admitted, unless the court permits their withdrawal or amendment. *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989).

A request for admission, once admitted or deemed, is a judicial admission, and the party making the admission cannot introduce controverting evidence on the issue. *Id*.; *Continental Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 190 (Tex. App.—Dallas 2000, pet. denied); *Beasley v. Burns*, 7 S.W.3d 768, 769-70 (Tex. App.—Texarkana 1999, pet. denied). Deemed admissions filed with the trial court clerk and part of the record at the time of trial need not be introduced in evidence to be properly before the court. *Red Ball Motor Freight, Inc. v. Dean*, 549 S.W.2d 41, 43 (Tex. Civ.

App.—Tyler 1977, writ dism'd w.o.j.); *Ins. Co. of N. Am. v. Fire Ins. Exch.*, 508 S.W.2d 703, 704 (Tex. Civ. App.—Waco 1974, no writ). However, at trial a party relying on deemed admissions must protect the record by objecting to controverting evidence and to the submission of any issue bearing on the facts admitted. *Marshall,* 767 S.W.2d at 700. Failure to properly protect the record waives the right to rely on the controverted admissions. *See id.* (holding party waived his right to rely upon admissions which were controverted by testimony admitted at trial without objection); *see also Acevedo v. Comm'n for Lawyer Discipline*, 131 S.W.3d 99, 104-05 (Tex. App.—San Antonio 2004, pet. denied) (discussing waiver of right to rely on deemed admissions in the summary judgment and trial contexts).

Here, Porter served Clark with requests for admissions that were never timely answered. Thus, the matters in the requests for admissions were automatically admitted. When this case was called to trial, the deemed admissions were on file and before the court, and Clark had not moved to withdraw the admissions. An evaluation of Clark's allegations and the deemed admissions before the court shows that Clark was precluded from recovering on his breach of contract claim.

Clark's breach of contract claim was based on allegations that Porter breached the lease by (1) failing or refusing "to pay all the rent due for the months of August 1, 2000 until present," and (2) "abandoning and vacating the premises on or about July 19, 2000, in direct violation of the default provisions of the [l]ease." The record further indicates the breach of contract claim was based on Porter's failure to pay common maintenance expenses, property taxes, and insurance fees in accordance with the terms of the lease. In his answer, Porter claimed his obligations under the lease were excused by Clark's earlier material breach of the lease. Specifically, Porter maintained that Clark entered the leased premises and removed all his signs, and that the signs were crucial to his operation

and a material part of the lease; and that Clark engaged in other conduct—including threats of physical violence, stalking, harassment, and preventing Porter's use of the premises—which interfered with Porter's right to quiet enjoyment of the leased premises and constituted a further material breach of the contract by Clark.

When one party to a contract commits a material breach of that contract the other party is discharged or excused from further performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 196 (Tex. 2004); *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994). Whether a party's initial breach is material to excuse the other party's performance of a contract is generally a fact question. *See Mustang Pipeline Co.*, 134 S.W.3d at 198-99.

In the present case, Clark was deemed to have admitted the following: (1) in June of 2000, Porter was in compliance with all the terms of the lease agreement; (2) in July of 2000, Porter was current on all amounts charged by Clark for the leased premises; (3) prior to July of 2000, Clark removed Porter's signage in breach of the lease agreement; (4) in July of 2000, Clark removed Porter's signage in breach of the lease agreement; (5) Clark removed all of Porter's signs from the leased premises and the common areas in violation of the lease agreement prior to the alleged breach by Porter; (6) the provisions for signage were a material element of the lease agreement; (7) in July of 2000, Clark threatened to "kick" Porter's "ass" in breach of Clark's duty to allow Porter the quiet enjoyment of the leased premises; (8) in June and July of 2000, Clark stalked Porter in breach of Clark's duty to allow Porter the quiet enjoyment of the leased premises; (9) in January of 2000, Clark threatened to lock Porter out of the leased premises unless Porter paid funds to Clark that were not authorized by the lease agreement; (10) Porter's obligations under the lease agreement were excused because of a material breach of the lease agreement by Clark that preceded any alleged breach by

Porter; (11) Clark's conduct prior to August of 2000, and each act independently or taken together constituted a material breach to Porter's right to quiet enjoyment of the leased premises and a breach of Porter's rights under the lease agreement; and (12) because Clark breached the lease agreement and/or prevented Porter's performance under the lease agreement and/or anticipatorily breached the lease agreement, Porter was excused from any performance and had no liability to Clark.

Based on the deemed admissions, Porter was current on all amounts charged under the lease agreement as of July 2000, and was excused from further performance because of Clark's earlier material breach of the lease agreement. As a result of the deemed admissions, there were no contested fact issues remaining in this case, and Clark was not entitled to admit evidence contradicting the deemed admissions. And, by moving for judgment when he did, Porter protected the record and avoided any waiver of the deemed admissions as he was required to do. *See Marshall*, 767 S.W.2d at 700 (stating a party relying on deemed admissions at trial must protect the record by objecting to the introduction of controverting evidence and to the submission of any issue bearing on the facts admitted); *Jolet v. Garcia*, No. 05-97-01461-CV, 2000 WL 276906, at *3 (Tex. App.—Dallas March 15, 2000, pet. denied) ( mem. op., not designated for publication) (concluding that the defendant prevented the introduction of evidence contradicting deemed admissions by moving for judgment before the offer of any evidence).

In *Tana Oil & Gas Corp. v. McCall*, the Texas Supreme Court concluded that the granting of a directed verdict before the close of the plaintiff's case was "irregular" but not error because even if the plaintiff had admitted evidence on her claims, she would still have not been entitled to judgment as a matter of law. 104 S.W.3d at 82. The case before us is analogous. Here, because the deemed admissions were the only evidence before the court and Clark was precluded from introducing any

contradictory evidence, the pretrial granting of Porter's motion for judgment, although irregular, was not error. We, therefore, overrule Clark's issue concerning the granting of the motion for judgment.

## MOTION FOR SANCTIONS

Rule 13 authorizes a trial court to impose sanctions against an attorney, a represented party, or both, who file a groundless pleading brought in bad faith or brought for the purpose of harassment. TEX. R. CIV. P. 13. Here, Clark filed a Rule 13 motion for sanctions claiming certain statements made in Porter's answer—specifically factual allegations concerning Porter's defenses—were groundless and false. On appeal, Clark argues the trial court erred because it denied his motion for sanctions "without first having heard the motion." We disagree.

The record shows the trial court provided Clark the opportunity to present his motion for sanctions, stating, "Okay. Mr. Clark, let's go with your sanctions." Clark then began arguing his motion for sanctions. When it became clear that Clark's sanctions motion related to the factual allegations made in Porter's answer, the trial judge postponed further argument on the motion until after the merits of the suit were addressed. Clark never re-urged his motion for sanctions. We, therefore, overrule Clark's issue concerning his motion for sanctions.

## COSTS

Finally, Clark argues the trial court abused its discretion in awarding costs to Porter. Texas Rule of Civil Procedure 131 provides, "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131. A defendant who obtains a take-nothing judgment is a successful party. *Imperial Lofts, Ltd. v. Imperial Woodworks, Inc.*, 245 S.W.3d 1, 8 (Tex. App.—Waco 2007, pet. denied); *Denney v. Texas Employers Ins. Ass'n*, 780 S.W.2d 412, 413 (Tex. App.—Texarkana 1989, no writ). Thus, the trial court did not abuse its

discretion in awarding costs to Porter. *See State Farm Mut. Auto. Ins. Co. v. Grayson*, 983 S.W.2d 769, 770 (Tex. App.—San Antonio 1998, no pet.) (reversing the trial court's award of costs to a plaintiff on a take-nothing judgment and awarding costs to the defendant). We, therefore, overrule Clark's issue concerning costs.

### CONCLUSION

The judgment of the trial court is affirmed.


Karen Angelini, Justice